CITY OF MOBERLY v. JULIUS H. LOTTER et al., Plaintiffs in Error.

In Banc, December 22, 1915.

1. **APPELLATE JURISDICTION: Title to Real Estate: Condemnation: Easement.** A suit by a city to condemn private

land for sewer purposes involves title to real estate. Even though a cursory view may suggest that only the easement and not the fee is affected, yet it remains true that, though the fee remain in the owner, his right to the use and exclusive possession of the land is either lessened or taken away, and as a consequence the title is affected to the extent of the injury.

2. ———: ———: Writ of Error Issued By Court of Appeals: Transfer to Supreme Court. After a writ of error has been timely and properly sued out in a court of appeals in a case of which such court does not have appellate jurisdiction (in this case, because it involves title to real estate), that court has power to transfer the case to the Supreme Court, which will take jurisdiction in the same manner as it would had an appeal in the case been erroneously certified by the trial court to the Court of Appeals and by that court transferred to this court. [GRAVES, J., and WOODSON, C. J., dissenting.]

3. ———: ———: ———: Constitutional Limitations and Statute. The definitions of the exclusive appellate jurisdiction of the Supreme Court and the courts of appeals contained in the Constitution and the limitation upon the right of either to issue writs of error to cases reviewable by it, must be construed in connection with the power given by the Constitution (Section 6 of Amendment of 1884 to Article 6) to the General Assembly to provide by legislation for the transfer of cases from the one court to the other, and that has been done by Section 3938, Revised Statutes 1909, directing the course to be pursued in case the writ is sued out in a court not having appellate jurisdiction. The authority conferred by this statute is not an exercise of jurisdiction, but of a power to determine whether or not jurisdiction exists, and in its absence, as determined by the court, to transfer the case to the court invested with power to review it. The constitutional provision defining the exclusive appellate jurisdiction of the Supreme Court and the courts of appeals applies as well to writs of error as to appeals.

4. ———: ———: ———: New Suit. The fact that the writ of error, by which the case was lodged in the Court of Appeals, is a new suit, does not determine the right of that court to transfer the case to the Supreme Court. The writ of error is to be held a new suit only to the extent of determining whether there is a *lis pendens* between the rendition of the judgment in the trial court and the suing out of the writ.
*Held*, by GRAVES, J., dissenting, with whom WOODSON, C. J., concurs, that the suing out of a writ of error is the beginning of a new suit, and a court of appeals can institute no new suit in a case involving title to real estate, and is without jurisdiction to even take the preliminary step in such a suit; and being without jurisdiction in such case to issue a writ of error, but its issuance being *coram*

Moberly v. Lotter.

*non judice*, it can confer no jurisdiction upon the Supreme Court by a transfer of the case—the issuance of the writ being its own mistake, and not that of the circuit court, which may certify an appeal already taken to the wrong appellate court.

5. ———: ———: ———: ———: **Applicability to Original Writs.** Cases involving remedial writs reviewable only in the Supreme Court are not within the purview of Section 3938, Revised Statutes 1909, which by its terms is confined to appeals and writs of error. Any one of such writs, if improvidently sued out of a court of appeals, should be dismissed, because the court has no constitutional power to consider it.

6. **APPELLATE PRACTICE: Writ of Error: No Bill of Exceptions.** If there is no bill of exceptions or motion for new trial, a writ of error preserves only the record proper for review.

7. ———: **Record Proper: Admission in Abstract.** An admission by plaintiffs in error in a condemnation case that the petition contains a detailed description of the lands owned by them and of the parts to be taken, and asserting that for that reason the description is not set out, authorizes a holding that the lands to be taken are described with sufficient certainty.

8. **CONDEMNATION: Taking of Fee.** Statutes authorizing the fee of land taken for a public sewer to be vested by the judgment in the city, violate no constitutional provision.

Error to Macon Circuit Court.—*Hon. Nat M. Shelton,* Judge.

AFFIRMED.

*Warrick McCanne* and *A. Doneghy* for plaintiffs in error.

(1) The circuit court never acquired jurisdiction over the property of any of the defendants, which would warrant it in appointing commissioners. The statute provides as a condition precedent that before the commissioners shall be appointed, and before any sewers can be constructed that the council, by ordinance, define the district. R. S. 1909, secs. 9241, 9262. The description in the ordinance creating the sewer district, to-wit: "thence west on the center line of Logan street to the east line of tract No. 96, thence

north on the east line of tract No. 96,'' does not describe any land or monument with certainty. It does not give the number of feet or distance to the east line of tract No. 96, and does not give the name of the owner of said tract, nor the State, county, city or town in which it may be found, and does not refer to any existing matter, map or deed from which the description can be made certain. Fox v. Courtney, 111 Mo. 147; State ex rel. v. Burroughs, 174 Mo. 707; O'Day v. McDaniel, 181 Mo. 534; Brewington v. Jones, 85 Mo. 60; Whaley v. Henchman, 22 Mo. App. 486; Mason v. Small, 130 Mo. App. 249; Hain v. Burton, 118 Mo. App. 577; Beckman v. Mepham, 97 Mo. App. 164; Weil v. Willard, 55 Mo. App. 378; Lamm v. Danville, 77 N. E. 423; Law of Real Property Conveyance, Jones, 285, sec. 339. The petition does not state facts sufficient to constitute a cause of action; the ambiguity, in description, is patent on the face of the ordinances, petition and publication, and they are therefore void, and cannot be helped by parol. O'Day v. McDaniels, 181 Mo. 534; 1 Am. & Eng. Ency. Law, p. 529; Campbell v. Johnson, 44 Mo. 332; Davis v. Davis, 8 Mo. 56; Mudd v. Dillon, 166 Mo. 110;'Law of Real Property, Jones, p. 281, sec. 337; Lamm v. Danville, 77 N. E. 423. Title to real estate is not involved in this case for the simple reason that all that is acquired by the city and all that is parted with by the property owner is personal property and not real estate. The right acquired is an easement which all courts at all times have defined to be an incorporeal hereditament; a chattel interest pure and simple; a right issuing out of land less than a freehold; personal property, nothing more or less. A chattel real, it is true, but, nevertheless, personal property carved from the land; an interest that lies in grant and not in livery of seizin. 10 Am. & Eng. Ency. Law (2 Ed.), 399; Orchard v. Wright Co., 225 Mo. 414; Springfield Co. v. Schweitzer, 151 S. W. 129; 3 Am. & Eng. Ency. Law (1 Ed.), 164; Bouvier, Law Dic., Title,

Easements; Bouvier, Law Dic., Title, Incorporeal. In the instant case the easement acquired by the city and the servitude imposed on the land is of a base character. The title, reversion, possession and use of the land (subject only to the right of the city to enter and lay its sewer pipe according to the plans and specifications named in the condemnation proceedings, and the right to thereafter enter, during the life of the easement, for the purpose of making necessary repairs, etc.), is all in the property owner. A servitude or incumbrance which would not be a breach of covenants of seizen in case of a deed made covenanting that the grantor was seized of the land. Kellogg v. Malin, 50 Mo. 496. The right acquired by the city is not an interest in the land but a mere easement which conflicts not in the slightest degree with the absolute proprietorship of the owner. Snyder v. Warford, 11 Mo. 514; Railroad v. Clark, 121 Mo. 180; Kellogg v. Malin, 50 Mo. 499. The owner can build on the land, pasture it or cultivate it so long as he does not interfere with the right to lay and repair the sewer. Mullins v. Metropolitan Co., 126 Mo. App. 507; 10 Am. & Eng. Ency. Law (2 Ed.), p. 429; Belcher Co. v. St. Louis Co., 82 Mo. 125. And, if the interest acquired is personal property and not real estate then the title to real estate is not involved and the jurisdiction is in the Court of Appeals. Constitution, art. 6, sec. 12. Any interest in land, less than a freehold, is personal property. Orchard v. Wright Co., 225 Mo. 414; Springfield Co. v. Schweitzer, 151 S. W. 129; Schouler's Personal Property, pp. 28, 29, 45; 1 Washburn, Real Property (3 Ed.), pp. 15, 22.

*J. Elmer Ball, Arthur B. Chamier* and *Willard P. Cave* for defendant in error.

(1) The judgment is regular upon its face, and there being no testimony preserved in a bill of exceptions all the legal presumptions are in favor of its reg-

ularity, and it should be affirmed.   3 Cyc. 275; Riggins
v. O'Brien, 34 Mo. App. 613; State v. Dugan, 110 Mo.
145; State v. Mackin, 51 Mo. App. 309; State v. McCoy,
162 Mo. 382. (2) It is not even necessary to define the
limits within which private   property shall be assessed
to pay for such improvements, where the city elects to
pay the damages out of any funds available in the
city treasury, as is done in this case. Sec. 9273, R. S.
1909. (3) The judgment in this case is in accordance
with the report of the commissioners, and follows the
language of Sec. 9271, R. S. 1909, and the use of the
words "in fee" can be treated as mere surplusage, as
the entire judgment shows the purposes and objects for
which the real estate was taken were for public use.
Sec. 21, art. 2, Constitution.   (4)   Condemnation pro-
ceedings of real estate for public purposes involve the
title to land, and the Supreme Court has exclusive ap-
pellate jurisdiction therein.   State ex rel. v. Rombauer,
124 Mo. 598; Miller v. Railroad, 162 Mo. 424; Baubie
v. Ossman, 142 Mo. 499; Tarkio v. Clark, 186 Mo. 285;
Kansas City v. Railroad, 187 Mo. 151; State ex rel. v.
McCutchan, 119 Mo. App. 69.   (5)   "A writ of error
is an original suit and not a mere continuation of a
former suit."   Macklin v. Allenberg, 100 Mo. 337; Kel-
mel v. Nine, 121 Mo. App. 718; 6 Am. & Eng. Ency.
Law (1 Ed.), p. 812; Bank v. Jenkins, 104 Ill. 143; 2
Cyc. 510; Widber v. Superior Court, 94 Cal. 430.   (6)
"It [the Legislature] cannot impair the appellate or
original power of the Supreme Court given by the Con-
stitution."   7 Lawson's Rights, Remedies and Prac-
tice, par. 3783.   Section 5, of the Constitutional Amend-
ment of 1884, provides that:   "In all causes or pro-
ceedings reviewable by the Supreme Court, writs of
error shall run directly to the circuit courts," and that
the Supreme Court shall have exclusive jurisdiction of
such writs of error.   (7)   Section 3 of the Amendment
of 1884 to the Constitution does not give authority to

the Legislature to enact any laws vesting the court of appeals with jurisdiction, where same is denied by the Constitution itself. (8) The Legislature cannot by its act (Sec. 3938, R. S. 1909) give validity to a void writ of error issued by a court of appeals improvidently, where such court of appeals had no jurisdiction over the subject-matter. Section 5 of the Amendment of 1884 to Constitution. (9) The act of the clerk of the Kansas City Court of Appeals in issuing a writ of error to the Macon Circuit Court, was a nullity, because said Court of Appeals had no jurisdiction over the subject-matter of the action. Sec. 12, art. 6, Constitution; Kelmel v. Nine, 121 Mo. App. 720. "A writ of error will not lie in condemnation proceedings, brought before a circuit judge in vacation, as such proceedings are not according to the course of the common law." Railroad v. Morton, 20 Mo. 70; Lewis on Eminent Domain, sec. 806; Sweeney v. Tel. Co., 212 Ill. 475; Dorchester v. Wentworth, 31 N. H. 451; Edrington v. Nix, 49 Mo. 132.

WALKER, J.—This is a proceeding to condemn for sewer purposes certain lands of plaintiffs in error in the city of Moberly. A change of venue was granted to the circuit court of Macon county, where, upon a hearing, a judgment was rendered for the defendant in error on the 11th day of January, 1912. On the 2nd day of December, 1912, a writ of error was sued out in the Kansas City Court of Appeals and in compliance with the order of said court a copy of the final judgment in the cause was filed therein. Defendant in error thereupon filed a motion to quash the writ, alleging, among other things, that title to real estate was involved and that the Supreme Court alone had jurisdiction. Whereupon the Court of Appeals ordered the cause transferred to the Supreme Court. Defendant in error then filed in this court a motion to dismiss the cause, alleging that title to real estate was involved

and hence the Court of Appeals had no authority to issue the writ of error by which the case was brought to that court; and, more than a year having elapsed since the final judgment and no writ having been sued out in the Supreme Court, that plaintiffs in error were not entitled to a review of the proceedings here. The motion was ordered to be considered with the case.

I.  Is title to real estate involved in the determination of this case?

It is held that the condemnation of land for a right of way of a railroad or for a highway so **Title to Real Estate.** affects the title to real estate as to bring that class of cases upon appeal within the jurisdiction of the Supreme Court.

A cursory view may lead to the conclusion that in this class of cases only the easement and not the fee is affected; but while the fee remains in the owners, their right to the use and exclusive possession of the lands in either lessened or taken away, and as a consequence the title is affected to the extent of the injury inflicted. A condemnation of lands for a public sewer may not, after the work is completed, affect the owner's interest therein to the same extent as in the class of cases mentioned, but the injury is of a like character, differing only in degree and sufficiently interferes with the owner's proprietary rights to authorize the holding that the title to the land is involved.  Railroad v. Wyatt, 223 Mo. l. c. 351; Baubie v. Ossman, 142 Mo. l. c. 502, and Railroad v. Schweitzer, 246 Mo. l. c. 128, are types of cases sustaining this conclusion.

II.  Was the Kansas City Court of Appeals without jurisdiction in this proceeding and hence its transfer of this case to the Supreme Court a **Jurisdiction.** nullity?  It is contended, although the writ was timely sued out, that the latter court acquired no jurisdiction by reason of such transfer.  It is ele-

mentary that a writ of error is a writ of right and that it issues as of course upon the filing of a formal application therefor. [Smith v. Moseley, 234 Mo. 1. c. 491; Sec. 2054, R. S. 1909.] While the proceeding to obtain the writ. is in the nature of a new action (Turner v. Edmonston, 210 Mo. 411), its purpose as here invoked and as usually employed under our procedure is to set aside the judgment in the principal case. That this is its primary purpose is shown by the fact that the right to the writ or to an appeal is allowed in the same action at the option of the party. [Art. 16, chap. 21, R. S. 1909.] As thus employed it has been subjected to statutory regulation, not only as to the time within which it may issue, but who may join therein, the procedure necessary to be followed, what parties are affected and how (Secs. 2056-2078, R. S. 1909), and the course to be pursued if the writ is sued out in a court not having jurisdiction of the principal case. [Sec. 3938, R. S. 1909.]

The Constitution clearly defines the exclusive appellate jurisdiction of the Supreme Court and the Courts of Appeals, the one by express declaration (Sec. 12, art. 6 and Sec. 5, Amendment 1884 to Art. 6, Constitution) and the other by implication or a process of exclusion applied to the declaration as to the jurisdiction of the Supreme Court authorized by the established rules of construction. [State ex rel. v. Rombauer, 101 Mo. 499; Langston v. So. Ry. Co., 66 Mo. App. 73; State ex rel. v. Allen, 45 Mo. App. 551.] These definitions limit the right of the respective courts to issue writs of error to cases reviewable in each. Concerning this matter there need be no controversy, because the language is explicit. But these limitations must be construed in connection with the power given by the Constitution (Sec. 3, Amendment 1884 to Art. 6, Constitution) to the General Assembly to provide by legislation for the transfer of cases from

the Supreme Court to· the courts of appeals or *vice versa,* as has been done by the enactment of section 3938, supra. The authority conferred by this section is not an exercise of jurisdiction, but of a power to determine whether or not jurisdiction exists, and in its absence, as determined by the court, to transfer the case to the court invested with power to review and determine same, or, as was said in substance in In Re Garesche, 85 Mo. 1. c. 471, it is the extension of the power of the court "to cases which for some reason get to one court when they should be in another."

The recognition in In Re Garesche, supra, of this power of transfer under the Constitution, is approved in Schuster v. Weiss, 114 Mo. 1. c. 172), and in Carmody v. Transit Company, 188 Mo. 1. c. 575, where this court, after announcing that it had upon an investigation of the record, no other power, ordered the case transferred to the St. Louis Court of Appeals. In Rourke v. Holmes St. Ry. Co., 257 Mo. 1. c. 569, this court, speaking through Bond, J., held that the power of the Legislature to pass an act providing for the transfer of cases from the Courts of Appeals to the Supreme Court is sustained solely on the ground of specific constitutional authority. This case further holds that the constitutional provision authorizing transfers is of continuing force and governs the disposition of cases not submitted when subsequent statutory changes were made under the authority of the Constitution in relation to the relative jurisdictions of the Supreme Court and the courts of appeals.

A statute of Louisiana similar in all of its material features to section 3938, supra, is apposite. In construing a statute authorizing the transfer of cases from the Supreme Court to a court of appeals of that State, the Supreme Court said, in substance:    The court first determines whether the appeal has been properly brought up; and having found that there is an appeal to be dealt with it proceeds to determine

whether the court has jurisdiction of it; if it finds that it has not, it dismisses the case, or, under the statute, transfers it to the appropriate court. We see in this transfer no greater exercise of jurisdiction than would be required for a dismissal. The court necessarily has jurisdiction to determine whether the appeal has been brought up; that is, whether the steps for bringing it up have been properly taken. The motion, therefore, to dismiss is overruled, and the present appeal having been brought to this court instead of the court having jurisdiction, it is ordered that the case be transferred to the Court of Appeals of the Parish of Orleans. [Bolden v. Barnes, 118 La. 274.]

Like persuasive precedents might be cited from courts of last resort in other jurisdictions, sustaining statutes authorizing the transfer of cases from one appellate court to another under constitutions similar to our own. The decisive manner, however, in which this court has repeatedly ruled upon this subject as applied to the transfer of appeals, and no difference in principle existing to prevent the application of the rule to the transfer of writs of error, the further burdening of this opinion with the citation to and discussion of other cases is not necessary.

The correctness of the conclusion as to the right of transfer in the case at bar is not affected by the fact that the proceeding is based upon a writ of error instead of an appeal. The constitutional provision defining the exclusive appellate jurisdiction of the Supreme Court and the courts of appeals, applies as well to writs of error as to appeals, and the rule announced is therefore as applicable to one class of cases as the other.

Nor does the fact that a writ of error constitutes a new suit militate against the right to transfer the case at bar. A writ of error is held to be a new suit in determining whether there is a *lis pendens* between

the rendition of the judgment in the principal case in the lower court and the suing out of the writ. The trend of authority in this regard being that after the rendition of the judgment below and before the suing out of the writ, a purchaser in good faith takes title free from the final determination of the writ of error. [Macklin v. Allenberg, 100 Mo. 1. c. 342; Macklin v. Schmidt, 104 Mo. 361; Pierce v. Stinde, 11 Mo. App. 1. c. 369; Mathewson v. Railroad, 44 Mo. App. 97.] Only to the extent above indicated may a writ of error properly be designated as a new suit and thus contradistinguished from an appeal which is a continuation of the original suit. In other respects, aside from the procedure necessary to obtain a writ of error, both classes of cases possess the same general characteristics, their purpose being to bring up the principal case to the appellate court for review.

Cases involving original remedial writs reviewable under the Constitution only in the Supreme Court are not within the purview of the statute (Sec. 3938, supra), which by its terms is confined to appeals and writs of error. For example, where a writ of mandamus has been sued out in a court of appeals and the relator in support of same pleads a constitutional question, the proceeding will be dismissed, because the court has no constitutional power to consider the same, nor statutory authority to transfer the case to the Supreme Court. [State ex rel. v. Southard, 61 Mo. App. 296.]

The consideration of cases illustrative of the superintending control of the Supreme Court in preventing the courts of appeals from exercising jurisdiction in cases reviewable only in the Supreme Court, has no place in the determination of the matter here at issue. The exercise of this power is frequent and its propriety is not questioned. While it may be invoked to prevent the improper issuance of original remedial writs, it is equally applicable to prevent any usurpa-

tion of jurisdiction. To illustrate: If the Kansas City Court of Appeals in the instant case, upon being apprised of the fact that title to real estate was involved, had not on its own motion transferred the case to the Supreme Court, the latter, in a proper proceeding, could have compelled such transfer.

From the foregoing it follows that the motion of defendant in error to dismiss this case must be overruled.

III. Dilatory matters having been disposed of, we find that not an exception was saved to any ruling of the trial court. There is no bill of exceptions or motion for a new trial or any reference to either. While the petition and the judgment, as parts of the record proper, are preserved, other matter, consisting principally of documentary evidence, has not been so preserved and presented as to authorize a review of same. Supplementing explicit statutes and the rules of this court based upon same, we have recently, in a number of well considered cases, defined the steps necessary to be taken to authorize the reviw of a case upon appeal or writ of error. [Coleman v. Roberts, 214 Mo. 634; Pennowfsky v. Coerver, 205 Mo. 135; Stark v. Zehnder, 204 Mo. 1. c. 448; Harding v. Bedoll, 202 Mo. 625.] With these aids, a failure to so preserve the proceedings of the trial court as to insure a review of the same here, is inexcusable.

It is contended that the lands sought to be condemned are not described with certainty; in addition to the description of same in the petition, which is sufficiently definite and comprehensive to meet the requirements of a proceeding of this character, we find this admission of plaintiffs in error in regard thereto in the so-called abstract: "The petition contains a detailed description of the respective lands owned by each defendant from which said right of way for a sewer was

to be carved, as well as a detailed description of the part to be carved from each tract for said sewer route, all of which is omitted because it would unnecessarily encumber the record.'' If the petition itself, as preserved in the record, did not contain a sufficient description, this admission would authorize us in determining that it conforms to the rules of good pleading in cases of this character.

The judgment is based upon this petition and conforms to the requirements of the statute (Sec. 9271, R. S. 1909) defining the course to be pursued by a city of the class here under consideration to enable it to acquire title to private land for public purposes.

The Legislature has authorized, in condemnation proceedings of this character by cities of the third class, that the owners be divested of the fee in the lands taken (Sec. 9271, supra). The judgment rendered herein was in conformity with this statute. A difference of opinion may exist as to the wisdom of statutes of this character when applied to the taking of lands by cities for rights of way, as in the instant case; but they violate no constitutional provision, our organic law in this regard being limited to the taking of railroad tracks. [Sec. 21, art. 2, Constitution.] The extent of the power of condemnation of private property for public use being left to the discretion of the Legislature (Union Depot Co. v. Frederick, 117 Mo. l. c. 165; Boyce v. Mo. Pac. Ry. Co., 168 Mo. l. c. 590), the validity of the judgment, so far as concerns the interest taken, is not to be questioned.

From all of which it follows that the judgment of the trial court should be affirmed and it is so ordered. All concur except *Graves, J.*, who dissents in separate opinion in which *Woodson, C. J.*, concurs.

GRAVES, J. (dissenting).—This case brings to this court a new question, and one which cannot be

lightly brushed aside. It stands conceded, or if not conceded, in fairness it must be conceded, that in the trial in the circuit court the question of title to real estate was so involved as to make the case appealable to this court. In other words, upon the record made *nisi*, the Court of Appeals would have no jurisdiction. This state of facts I consider conceded by the opinion of my learned brother WALKER. In this situation, the aggrieved party sued out a writ of error in the Kansas City Court of Appeals. That the said court had no jurisdiction of an appeal in the same case stands conceded. The defendant, however, instead of appealing to the Kansas City Court of Appeals, in a case where such court had no jurisdiction whatever, sued out in such court a writ of error. When such writ of error came on for hearing the court discovered its want of jurisdiction and certified the case here.

The question is, Can a court of appeals issue a writ of error in a case over which it has no jurisdiction absolutely, and then certify such case to this court, and thereby confer jurisdiction here? We say no, and in this we are forced to dissent to the opinion filed. If the case was one not cognizable by the Court of Appeals, that court can confer no jurisdiction upon this court by certifying it here. In a case of this kind our jurisdiction is dependent upon the jurisdiction *nisi*. It has long been ruled in Missouri that the suing out of a writ of error is the beginning of a new suit. A citation of the cases would be useless labor. To upset this fixed doctrine is a question of vital importance. Too many property rights are fixed upon this rule. It must be conceded that the Court of Appeals can institute no new suit (for such is a writ of error) in a case where title to real estate is involved. They are without jurisdiction to even take the preliminary step in such a suit. If they do institute such a suit (as they did in this case) then their action is *coram non judice,*

and void. No certificate from them can give this court jurisdiction. We might have had jurisdiction in the first instance, but by no legal analogy can we receive jurisdiction from a court which had no jurisdiction whatever. This question has too often been brought out in cases going from probate or county courts to the circuit courts.

If the Court of Appeals issued a writ of error in a case, over the subject-matter of which it had no jurisdiction, no law of this State gives us jurisdiction upon a certificate of jurisdiction from that court. We can only say, You issued an original process in a case over which you could not entertain jurisdiction, and your certificate of transfer to this court can give us no more jurisdiction than you had. It does not fall within the line of cases that you may certify here. If a case comes to your court from the circuit court which has been wrongly sent by that court to your court, then under the Constitution you can certify that case to this court. Your power to certify is expressly given. It comes from the Constitution. But that case is not this case, or any part thereof. In the case at bar you issued a writ wherein you had no right to issue one. It is your mistake and not that of a circuit court.

The Constitution provides for error upon the part of the circuit court and authorizes the Court of Appeals to transfer. That authority can not be extended (without renovating the Constitution, and courts are not engaged in that business) to cases where jurisdiction of the Court of Appeals is dependent upon steps of its own initiation rather than erroneous orders of the circuit court. Until the Constitution is rewritten we have no jurisdiction of the instant case. For these reasons, hurriedly expressed, I dissent. *Woodson, C. J.*, concurs in these views.