BY THE

## ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

## OCTOBER TERM, 1917.

## In the matter of ALBERT WEBERS.

St. Louis Court of Appeals. Opinion Filed October 11, 1917.

1. **HABEAS CORPUS: Jurisdiction of Court of Appeals to Issue Writ.** Whenever a proper application for a writ of *habeas corpus* is filed in the Court of Appeals, the court or any judge thereof, is clothed with the power to and charged with the duty of issuing a writ of *habeas corpus* in the first instance; the mere filing of the application necessitates. that the judge or court to whom such application is made shall examine into the same at least to an extent sufficient to determine whether or not such judge or court has jurisdiction thereof.

2. **COURTS: Jurisdiction of Court of Appeals: Constitutional Questions: Appellate Practice.** On *habeas corpus* by a person refused a release on bail because of his failure to pay the fee provided by Revised Statutes of Mo. 1909, section 3459, as amended by Session Acts 1913, p. 192, which provides a fee of 50 cents for the benefit of the police relief fund for every bond taken by any police officer for the appearance of any person charged with violating any city ordinance, where the constitutionality of such statute is involved on the record and the jurisdiction of the Court of Appeals is in doubt, the doubt will be resolved in favor of the jurisdiction of the Supreme Court.

29

3. ———: ———: ———: ———: Transfer of Causes to Supreme
Court. A *habeas corpus* proceeding involving a question as to the
constitutionality of a statute will not be dismissed by the Court
of Appeals, but will be transferred to the Supreme Court.

HABEAS CORPUS. ORIGINAL PROCEEDING.
TRANSFERRED TO SUPREME COURT.

*C. J. Anderson* for petitioner.

*Holland, Rutledge & Lashly* for respondents.

BECKER, J.—This is a proceeding by *habeas
corpus,* instituted by the petitioner, for the purpose
of obtaining his discharge from the custody of William
Young, Chief of Police of the city of St. Louis, and
Robert M. Hanna, Captain of Police of said city, by
whom he is held, having been arrested on the 27th
day of July, 1917, in the city of St. Louis and State
of Missouri, and taken to the Third District Police
Station, of said city, charged with having violated an
ordinance of the city of St. Louis. Shortly after the
arrest, a bond in the sum of $200, in due form, was
presented for the release of said petitioner, which
bond the officer in charge of said station refused to
accept because the petitioner failed and refused to
pay the said officer the sum of fifty cents, as provided
for by section 3459 of the Revised Statutes of Missouri,
1909, as amended by the Session Acts of 1913, page
193, which provides in part as follows:

"Section 3459.—Fund, how created—police relief
association.—This fund shall be created in the fol-
lowing manner: . . . all percentages of rewards
allowed to members of any police force under the
regulations of its department together with a fee of fifty
cents for each and every bond taken by any police of-
ficer for the appearance of any person charged with
violating any city ordinance, which said officer is author-
ized then and there to collect: Provided, however, that
no more than one bond fee shall be taken for any arrest,
regardless of the number of charges which may be
placed against the person arrested, all of which money
herein designated shall be paid to the treasurer of
said relief association."

On the day of the arrest a petition for *habeas corpus*, in behalf of Mr. Webers, was presented to Hon. GEORGE D. REYNOLDS, Presiding Judge of this court, during the vacation of the court, who issued the writ directed to William Young, Chief of Police of the city of St. Louis, Missouri, and Robert M. Hanna, Captain of the third police district in the city of St. Louis, Missouri, commanding them to produce Mr. Webers before said judge forthwith, which was done, and thereupon respondents were granted leave in which to file returns to the writ before Judge REYNOLDS, which was accordingly done. On a hearing of the matter, on August 2, Judge REYNOLDS transferred the proceeding to the St. Louis Court of Appeals.

Before the day set for the hearing by the court, the respondents filed a motion to dismiss the proceeding upon the ground that the court had no jurisdiction because this case involved directly the construction of article 4, section 53, clause 26; article 4, sections 46 and 47, and article 10, section 3, of the Constitution of Missouri, and on the further ground that this court is without jurisdiction, as this action is brought solely for the purpose of testing the constitutionality of section 3459 of the Revised Statutes of Missouri, 1909.

Whenever an application for a writ of *habeas corpus* is filed, this court, or any judge thereof, is clothed with the power to, and charged with the duty of issuing a writ of *habeas corpus* in the first instance, upon proper application therefor; the mere filing of an application for a writ of *habeas corpus* necessitates that the judge or court to whom such application is made, shall examine into the same at least to an extent sufficient to determine whether or not such judge or court has jurisdiction thereof.

We have carefully examined the record and hold that the constitutionality of section 3459 of the Revised Statutes of Missouri, 1909, and amendments thereof, is involved in the case.

Our jurisdiction to determine the cause has been questioned on the ground that even in *habeas corpus*

we are without jurisdiction where a constitutional question is involved on the record. As to this matter we entertain grave doubt, which should however, in accordance with the custom of this court, be resolved in favor of the jurisdiction of the Supreme Court. [See Gartside v. Gartside, 42 Mo. App. 513.]

However, in view of the proceedings had in Ex Parte Nelson, 251 Mo. 63, 157 S. W. 784, we are constrained to hold that while this proceeding is one beyond our jurisdiction, the cause should not be dismissed but be transferred to the Supreme Court. It is true that the question was not squarely adjudicated in the Nelson case, but that proceeding in *habeas corpus* was by the Kansas City Court of Appeals transferred to the Supreme Court, when the former court found and determined that the issues made involved a constitutional question. Upon such transfer of the proceeding the Supreme Court took jurisdiction of the cause and disposed of it, thereby *sub silentio* at least, asserting jurisdiction in the matter.

The motion to dismiss is accordingly overruled and the cause ordered transferred to the Supreme Court for its determination. *Reynolds, P. J.,* and *Allen, J.,* concur.

---

NOTE: The opinion, In re Albert Webers, was received by the Reporter August 1, 1918.