## IN THE MATTER OF ALBERT WEBERS.

**St. Louis Court of Appeals.    Opinion Filed November 6, 1918.**

1. HABEAS CORPUS: Courts: Jurisdiction of Courts of Appeal: Constitutional Questions: Transfer of Causes. Courts of Appeal are without authority to transfer to the Supreme Court, writs of *habeas corpus* sued out under the Habeas Corpus Act upon petition to either the Courts of Appeal or to any one of the judges thereof, even though it be found that a constitutional question is involved.

2. ———: ———: ———: ———. In such case the Court of Appeals being without jurisdiction when a constitutional question is involved, the writ issued will be quashed and the petitioner remanded.

HABEAS CORPUS.    ORIGINAL PROCEEDING.

WRIT QUASHED AND PETITIONER REMANDED.

*C. J. Anderson* for petitioner.

(1) That portion of section 3459 is issue here is unconstitutional, null and void in this: (a) It is violative of article 4, section 53, clause 26, of the Constitution of Missouri, 1875, in this: that it is a special law, and attempts to grant to private corporation and its members a special and exclusive right and privilege, which is denied to other persons in the same class. (b) It is violative of article 4, section 46, of the Constitution of Missouri, 1875, in that it attempts to grant public money to a private corporation and the individual members thereof. (c) It is violative of article 4, section 47, in that it attempts to authorize various cities and to grant public money in aid of private corporations, and the individual members thereof. (d) It is violative of article 10, section 3, of the Constitution of Missouri, 1875, in that it permits the levying of taxes for private purposes. State ex rel. v. Kimmel, 256 Mo. 611; State ex rel. Heaven v. Ziegenhein, 144 Mo. 283; State ex rel. v. Switzler, 143 Mo. 287; State ex rel. v. St. Louis, 216 Mo. 47. (2) That portion of section 3459, Revised Statute 1909, as amended by the laws of 1913, page 192, is violative of the Fourteenth Amendment of the Constitution of the United States in that it deprives each person arrested by the Police Department of the city of St. Louis, of property fifty cents in cash) without due process of law. Every person arrested must, under this law, pay the fifty cents bond fee, in order to be released on bond, regardless of whether such person is innocent or guilty of the charge placed against him. (3) That portion of section 3459, Revised Statutes 1909, in issue here is violative of article 4, section 53, clause 26, of the Constitution of the State of Missouri, in that it grants a special and exclusive right, privilege and immunity to such police officers and police officials as are members of the St. Louis Police Relief Association, and denies the same to such police officers and police officials as are not members thereof. State ex rel. v. Tolle, 77 Mo. 645; State ex rel. v. Miller, 100 Mo. 439;

200 M. A.—24

State ex rel. v. Loomis, 115 Mo. 307. (4) What becomes of the fifty cents fee after it is collected by the police officer is a very essential subject of inquiry in determining the constitutionality of the law. If the ultimate destination of the money collected is unlawful, then such law thereby becomes invalid, null and void. State ex rel. Heaven v. Ziegenhein, 144 Mo. 283; State ex rel. v. Switzler, 143 Mo. 287; State ex rel. v. St. Louis, 216 Mo. 47.

*Holland, Rutledge & Lashly* for respondents and intervenor.

(1) The provision of section 3459, Revised Statutes 1909, as amended by the Laws of 1913, page 192, make it mandatory upon the police officer to collect the fifty cents bond fee. (2) What becomes of the fifty cent fee after it is collected by the police officer is no concern of this petitioner, but is a matter altogether between the city and the Police Relief Association. (3) The portion of section 3459 as amended providing for the taking and collection of the bond fee has never been declared unconstitutional, and is a valid and integral part of our law. (4) The fact that a part of the statute is unconstitutional does not affect the validity of the remainder. Green County v. Lydy, 263 Mo. 77, p. 95; State ex rel. Bixby v. City of St. Louis, 241 Mo. 231; State ex rel. v. Gordon, 236 Mo. 142; State ex rel. v. Taylor, 224 Mo. 393. (5) The case of State ex rel. v. Kimmel, 256 Mo. 611, did not undertake to pass upon the validity of the part of section 3459 now in question, and the language of the opinion expressly indicated the part that was declared unconstitutional, none of which part is now in question. (6) The constitutionality and validity of the statute is assumed, and the courts will not adjudge invalid an act of the Legislature unless its violation of the Constitution is clear, complete and unmistakable. (7) The petitioner has no more concern with the disposition of the bond fee than with the disposition of any fine that might be imposed on him, and has no more right

to question the power to hold him for the failure to pay one than the other.

BECKER, J.—This is an original proceeding for a writ of *habeas corpus*. When the matter was first before us this court entertained a doubt as to its jurisdiction because a constitutional question (and arising on the return) was involved on the record and in view of the proceedings had in Ex parte Nelson, 251 Mo. 63, 157 S. W. 794, transferred the case to the supreme court for its determination. [In re Webers, 200 Mo. App. 29, 197 S. W. 850.] However the supreme court remanded the record to this court holding that while it had *"sub silentio"* entertained jurisdiction in the Nelson case, no question had been raised in that case as to the supreme court acquiring jurisdiction by the transfer of the cause from the Kansas City Court of Appeals, whereas, in the present case the question was directly raised, and that while section 6 of the Amendments of 1884 of the Constitution of the State of Missouri permits and requires certain cases to be certified, and that while under section 3 thereof section 3938, Revised Statutes of Missouri, 1909, had been enacted by the Legislature providing that "in the event of any case being sent improperly on appeal or writ of error from a lower court to either of the courts of appeal, when the same should have been sent to the supreme court," it shall be transferred to the supreme court, yet such section specifically limits this provision to cases *on appeal or writ of error* and withholds the power to transfer in any other cases. In other words the supreme court in this case when before it, distinctly ruled that courts of appeal are without authority to transfer writs of *habeas corpus* sued out under the Habeas Corpus Act upon petition to either the courts of appeal or to any one of the judges thereof, even though it be found that a constitutional question is involved. [See In re Webers, —— Mo. ——, 205 S. W. 620.]

We have heretofore held that the constitutionality of section 3459, Revised Statutes of Missouri, 1909, and amendments thereto, are involved in this case (In re Webers, 200 Mo. App. 29, 197 S. W. 850), and this court being without jurisdiction where a constitutional question is involved (In re Webers, —— Mo. ——, 205 S. W. 620) it follows that the writ heretofore issued herein must be and the same is hereby quashed and the petitioner remanded to the custody of the respondents herein. *Reynolds, P. J.,* and *Allen, J.,* concur.