**Jerry Ward DAVIS, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55273.**

Supreme Court of Missouri,
Division No. 2.

Dec. 14, 1970.

Kyle D. Williams, Jefferson City, for appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

————◆————

PER CURIAM.

In November 1967, while an inmate of the State Penitentiary serving a number of sentences, Jerry Ward Davis instituted this 27.26, V.A.M.R., proceeding challenging the order in which he was to serve the sentences. After a hearing on a written stipulation of facts the circuit court in which he was last sentenced denied relief under the motion and he has appealed, the transcript of the proceeding being filed on March 13, 1970, briefs of the appellant and the state being filed on April 24, 1970 and

July 22, 1970 and the cause submitted in this court on September 18, 1970.

The background for the relief sought is this: December 21, 1956, the Circuit Court of Texas County sentenced Jerry to five years' imprisonment for felonious assault—*that sentence was commuted on September 8, 1960.* On December 21, 1956, in the Circuit Court of Phelps County Jerry was sentenced to five years' imprisonment for robbery, the sentence to run consecutively to the Texas County sentence—that sentence was commuted on January 30, 1964. On November 29, 1957, in the Circuit Court of Cole County, he was sentenced to two years' imprisonment for escape from prison and on the same date to a term of five years for robbery—these sentences were commuted on February 14, 1967. In April 1958 he was sentenced to a term of two and one-half years' imprisonment by the Circuit Court of Cole County for destroying state property and he completed this sentence on July 17, 1968. On June 20, 1960, in the Circuit Court of Cole County Jerry was convicted of five separate charges of "violence to a guard" and in each case was sentenced to three years' imprisonment—the sentences to run consecutively.

The 27.26 motion and this appeal are concerned with the five latter sentences. The Department of Corrections has taken the position that Jerry is to start serving the first of the five sentences on July 17, 1968, the date on which he completed serving the 2½ years' sentence—the last of his felony convictions. Jerry contends, and this is his only point on appeal as well as throughout the proceeding, that he should start serving the five three years' sentences from the expiration of the Texas County sentence—that is September 8, 1960. In computing his "prison time" he also seeks application of the "three-fourths rule" (RSMo 1969, § 216.355, V.A.M.S.) and merit time and blood donations of 704 days. It is not necessary to detail the points as briefed and argued by his distinguished court-appointed counsel—in general he claims that under § 222.020, RSMo 1969, relating to the rights of convicts and their punishment for offenses while imprisoned the five sentences were consecutive only to the Texas County sentence "under which he was being held at the time of his last Cole County sentences."

Appellant's counsel in his reply brief, with commendable frankness, has supplied this court with the information "that on June 17, 1970, appellant was paroled from the Missouri Department of Corrections and is now in the Oklahoma State Prison serving out an old sentence imposed prior to his Missouri sentences. He has advised his counsel he expects to be released from the Oklahoma prison in September 1970. He desires to continue with this appeal as he is now under a parole supervision order from the Missouri Department of Corrections until 1979." He contends that he has served all Missouri sentences and "should be finally discharged."

It should be carefully noted that appellant, unlike State v. Garner, Mo., 432 S.W.2d 259 and Carafas v. La Vallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554, does not seek to set aside or even attack the validity of any of his prior convictions thereby relieving his record of the onus of the "collateral consequences" of conviction. *His sole purpose here is a declaration of the order in which his sentences are to be served.* This is not within the scope of S.Ct. Rule 27.26 and consequently we decline to rule this question in a proceeding brought under that rule.

The trial court reached a proper result. The judgment is affirmed.