**Martin Lee JONES, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55080.**

Supreme Court of Missouri, En Banc.

Sept. 13, 1971.

Rehearing Denied Oct. 11, 1971.

William W. Quigg, Jefferson City, for movant-appellant.

John C. Danforth, Atty. Gen., John W. Cowden, Asst. Atty. Gen., Jefferson City, for respondent.

FINCH, Chief Justice.

Defendant filed a motion under Supreme Court Rule 27.26, V.A.M.R., raising two

questions, viz: (1) That he should be discharged because he is being held beyond the duration of his sentence, and (2) that he is being improperly incarcerated because he was denied due process in the revocation of his parole in that he was not provided counsel at the revocation hearing by the Board of Probation and Parole. The trial court held that the relief sought by movant did not fall within the scope of Rule 27.26, but that he would treat the motion as a petition for habeas corpus. The court heard testimony and then denied relief, after which defendant appealed. We deny relief to movant on the basis subsequently stated.

Movant was sentenced in 1951 to life imprisonment on a plea of guilty to a charge of first degree murder. Thereafter, on June 25, 1955, while serving that sentence, defendant was convicted on a charge of damaging prison property and was sentenced to imprisonment for two years. Under the provisions of § 222.020, V.A. M.S., the sentence was consecutive to the previous life sentence for murder and would not commence until commutation of that prior sentence.

On December 20, 1965, movant was paroled on the life sentence by the Board of Probation and Parole. On the same day, the Parole Board provided for a parole on the two-year sentence, noting in its order that upon completion of the life sentence by commutation, parole would be continued on the two-year sentence, the expiration date of the latter to be determined at the time of the commutation of the life sentence.

Some person in the Records Office of the Department of Corrections made entries in their records as a result of the action of the Parole Board. Among the entries made was a notation that defendant was received on December 20, 1965, on the two-year sentence, after being paroled on the life sentence. The entry included a notation that the expiration date on the two-year sentence would be December 19, 1967. A new identification number, differing from that which had been assigned in connection with the life sentence, was assigned on the record to defendant.

On August 24, 1966, after defendant had been apprehended on order of the Board of Probation and Parole, a hearing was held by the Board on the question of revocation of defendant's parole. At the conclusion of the hearing, defendant's parole from the life sentence was revoked and defendant was returned to the Department of Corrections. Since that time he has been held in custody for the purpose of serving the life sentence for murder, as to which his parole had been revoked.

■ At the outset, we have for decision the question of whether an appeal will lie in this case. The questions raised by defendant in his motion do not involve an attempt to have defendant's sentence vacated, set aside or corrected, as required by Rule 27.26(b) (1). Consequently, under the express provisions of the rule as now drafted, the relief sought did not come within the purview of Rule 27.26. Laster v. State, Mo., 461 S.W.2d 839; Davis v. State, Mo., 460 S.W.2d 549. The trial judge properly so ruled. However, in the order entered at the time the trial court concluded that "regardless of the procedural form used in raising the questions here presented, the court will pass on the questions here raised by movant and will treat the motion as an application for writ of habeas corpus." After hearing evidence, he denied a writ of habeas corpus. We have, therefore, the question of whether an appeal from a habeas corpus proceeding in the circuit court is appealable.

■ Under previous Missouri decisions, an appeal does not lie in habeas corpus. In re Shepler, Mo., 372 S.W.2d 87; Hutchinson v. Wesley, Mo.App., 455 S.W.2d 21. Action on a petition for habeas corpus can be reviewed by certiorari. State ex rel. Barker v. Wurdeman, 254 Mo. 561, 163 S.W. 849; State ex rel. Gentry v. Westhues, 315 Mo. 672, 286 S.W. 396;

Hutchinson v. Wesley, supra. However, review by certiorari generally is limited to the record proper, which does not permit consideration of evidence heard. Also, movant has not sought review by certiorari.

The other procedure presently available after a decision in the trial court on a petition for habeas corpus is to file a new application for habeas corpus in an appellate court. Ex parte Webers, 275 Mo. 677, 205 S.W. 620; Missouri Appellate Practice (MoBarCLE), 172.

█ In the interest of avoiding delay and further duplication of effort which would be involved in dismissing this appeal and then having a new proceeding started by the filing of a new application for writ of habeas corpus in this court, we have concluded that we will treat this file and the papers that the movant has filed in this court in connection with his attempted appeal as an original application to this court for a writ of habeas corpus. In so deciding, we take into consideration the fact that our records show that petitioner, prior to his motion under Rule 27.26, sought in this court to obtain his release by petitions for writ of habeas corpus, but we denied his petitions on the ground that they did not state a claim upon which any relief could be granted. All of 'these facts cause us, in order to bring this litigation to a final conclusion, to treat his attempted appeal as we are doing. Such action is not to be construed as an indication that such procedure necessarily will be followed in future cases.

█ Movant's contention that he is being held beyond the duration of his sentence is based on the proposition that since, under § 222.020, he could not be received by the Department of Corrections on the two-year sentence and could not start serving the same until commutation of the life sentence for murder, the record of the Department of Corrections (showing that he was received on December 20, 1965, on the two-year sentence and that a new number in connection therewith was assigned to him)

necessarily shows that his life sentence for murder terminated December 20, 1965. Based on that premise, he argues that he now has completed service of the two-year sentence and is entitled to final discharge.

We find no merit in movant's contention. Commutation of sentence is a function of the Governor under Art. IV, § 7, Constitution of Missouri, 1945. Applications therefor are investigated by the Board of Probation and Parole, pursuant to the provisions of § 549.241, V.A.M.S., but only the Governor can commute the sentence. There is no other way. Consequently, the entries made by someone in the Department of Corrections, not based on action by the Governor, could not and did not result in a commutation of the first sentence. Accordingly, the provisions of § 222.020 prevented the second sentence from commencing on December 20, 1965. Movant is not entitled to relief on this issue.

The second question raised is that movant is improperly incarcerated because he was denied due process in the revocation of his parole in that he was not provided counsel at the hearing by the Board of Probation and Parole. In that connection, he first cites Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336. That case is not applicable, as we have pointed out previously in State v. Phillips, Mo., 443 S.W.2d 139, 141, and Woody v. State, Mo., 445 S.W.2d 288, 292. Mempa dealt with a situation wherein sentencing of petitioner had been deferred and he was placed on probation. Subsequently, the probation was revoked and petitioner was sentenced. The court held that sentencing is a critical stage at which the petitioner was entitled to counsel.

Movant also cites Earnest v. Willingham, 10 Cir., 406 F.2d 681, but it is not authority for relief to movant in this case. It held that when the Federal Parole Board, in proceedings for revocation of mandatory early release of prisoners, allowed financially able prisoners to obtain counsel and have them appear, the board

◼◼◼◼◼◼◼◼◼◼◼◼

must provide counsel for indigent prisoners. There is no showing that the Missouri Board of Probation and Parole has any such policy or that it permits any prisoners to be represented by counsel at the hearing.

 Actually, Earnest v. Willingham recognizes the general rule that there is no constitutional right to counsel at a probation revocation hearing. Specifically on that question, the court said, 406 F.2d l.c. 682: "We begin with the long established proposition that early release (be it mandatory release, parole or probation) and revocation hearings are matters of legislative grace not constitutionally mandated. Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566 (1935). This being so the courts have been virtually unanimous in holding that there is no constitutional right to retained or appointed counsel at a parole revocation hearing. Fleming v. Tate, 81 U.S.App.D.C. 205, 156 F.2d 848 (1946); Washington v. Hagan, 287 F.2d 332 (3rd Cir. 1960); Lavendera v. Taylor, 347 F.2d 989 (10th Cir. 1966); Gonzales v. Patterson, 370 F.2d 94 (10th Cir. 1966); and Williams v. Patterson, 389 F.2d 374 (10th Cir. 1968). Nor does the most recent case of Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967) require a different result. As we observed in Williams v. Patterson, supra, [389 F.2d] p. 375, Mempa dealt with the right to 'counsel "at the time of sentencing where the sentencing has been deferred subject to probation,"' none of which is here involved."

To the cases cited in Earnest should be added Williams v. Dunbar, 9 Cir., 377 F.2d 505, and Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225, the latter an en banc opinion of the Court of Appeals for the District of Columbia written by Chief Justice Burger, then a judge on that court.

 We conclude that absence of counsel at the hearing of the Board of Probation and Parole on revocation of the previously granted parole did not deny defendant due process of law.

Defendant's appeal is dismissed. He is denied relief in habeas corpus and is remanded to the custody of the Department of Corrections.

All concur.