Michael Lee GRIFFIN, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 26686.

Missouri Court of Appeals,
Kansas City District.

June 3, 1974.

J. Arnot Hill, Hill, McMullin & Wilson, Kansas City, for appellant.

John C. Danforth, Atty. Gen. and Dan Summers, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

PER CURIAM:

Movant, Michael Lee Griffin, pleaded guilty in Division 15 of the Jackson County Circuit Court on November 16, 1968, to a charge of stealing from the person. The Court sentenced movant to a term of five years in the Department of Corrections, and after a pre-sentence investigation, placed movant on probation for the five year term on May 8, 1969. Thereafter, and on June 19, 1972, movant, while still on probation, again pleaded guilty in the Circuit Court of Jackson County. On this occasion, the plea was in Division 7 of said court and to a charge of carrying a concealed weapon. By reason of this plea and on June 29, 1972, Division 15 revoked movant's probation and ordered that execution issue on the previously imposed five year sentence.

On February 14, 1973, movant filed a pro se motion under Rule 27.26, V.A.M.R., seeking to vacate his initial conviction. Said motion was overruled after hearing on March 23, 1973, and the order revoking movant's probation was affirmed. Movant then perfected his appeal to this court from the denial of his motion under Rule 27.26.

On appeal movant preserves only a procedural attack on the revocation of his probation. This is not a function of Rule 27.26, which lies only to vacate, set aside, or correct sentence, and is an inappropriate vehicle with which to raise due process objections in regard to probation revocation. Movant's appropriate remedy for revocation of probation is to proceed by Writ of Habeas Corpus. Green v. State, 494 S.W.2d 356 (Mo. banc 1973); Jones v. State, 471 S.W.2d 166 (Mo. banc 1971); Rule 27.26(b)(1).

As the relief sought cannot be granted in a 27.26 proceeding, the appeal must be, and is, dismissed.

All concur.