229 S.W.3d 602 (2007)
In the Interest of N.D.C.
No. SC 88163.
Supreme Court of Missouri, En Banc.
June 12, 2007.
As Modified on Denial of Rehearing August 21, 2007.
Teresa Rieger Housholder, Marshfield, MO, for Appellant.
Jill S. Thomeczek, Dewayne F. Perry, Office of Public Defender, Bolivar, MO, for Respondent.
PER CURIAM.[1]

I. Introduction
The Webster County juvenile office appeals the circuit court's ruling excluding *603 child victim hearsay testimony by application of Crawford v. Washington.[2] The circuit court erred. The child's statements to her mother were non-testimonial. Crawford does not apply. The statements are admissible under section 491.075.[3] A peremptory writ of prohibition is directed to issue prohibiting the exclusion of the testimony on the basis of Crawford.

II. Facts and Procedural History
The juvenile office brought delinquency charges against N.D.C., a juvenile, alleging that he sodomized his four-year old step-sister, J.C. When J.C. refused to testify, the juvenile office sought to introduce her statements through the testimony of her mother, A.C. (N.D.C.'s step-mother). A.C. would testify that she entered N.D.C.'s room and found both children lying on the bed watching a movie. N.D.C.'s pajama pants were half-way down his bottom, and J.C. wore no underpants beneath her dress. When A.C. asked what was going on, J.C. replied that N.D.C. had "put his thing in [her] butt." The incident was reported to the child abuse hotline, and this action ensued.
At the hearing, N.D.C. objected to the mother's testimony on the basis of hearsay and the fourth, fifth, sixth, and fourteenth amendments to the United States Constitution. After further research, the trial court sustained the objection citing Crawford. The juvenile office made an offer of proof and asked the court to enter written findings and conclusions for purposes of an interlocutory appeal. The circuit court noted that J.C.'s statements ordinarily would be admissible under section 491.075, which provides that hearsay statements from a child victim are admissible when the victim is unavailable to testify and other indicia of reliability exist. However, the court ultimately concluded that Crawford rendered the statements inadmissible as a violation of N.D.C's right to confrontation. The circuit court specifically found that section 491.075 is "in direct conflict with the sixth amendment right to confrontation pursuant to rulings contained within Crawford v. Washington. . . ." The juvenile office filed an interlocutory appeal directly to this Court on the basis that the circuit court partially invalidated section 491.075 as unconstitutional.

III. Jurisdiction and Standard of Review
As a preliminary matter, N.D.C. challenges this Court's jurisdiction on two grounds. First, N.D.C. argues that the circuit court's judgment is not appealable through an interlocutory appeal. Section 211.261 allows the juvenile office to file an interlocutory appeal from "any order suppressing evidence, a confession or an admission." N.D.C. did not file a motion to suppress,[4] but the juvenile office contends that the trial court's ruling sustaining *604 N.D.C.'s objection on sixth amendment grounds is an "order suppressing evidence" subject to interlocutory appeal. Suppression of evidence is not the same thing as the exclusion of evidence on the basis of some rule of evidence. Suppression is a term used for evidence that is not objectionable as violating any rule of evidence, but that has been illegally obtained.[5]
An evidentiary ruling is not appealable until a final judgment has been entered. Here, however, the juvenile office has no opportunity to challenge the court's exclusion of evidence. As a result, this constitutional issue of first impression would evade appellate review if not raised prior to final judgment. This Court explained the conundrum in In re R.B.[6] There, the trial court excluded videotaped testimony of the alleged victim on the basis that it violated the defendant's sixth amendment right as articulated in Crawford. Absent the videotape, the court found the remaining evidence insufficient and dismissed the case. The juvenile office appealed. This Court dismissed the appeal, explaining that:
"[a]lthough that ruling may have been properly appealed under section 211.261 at an earlier stage of the proceedings, that is not the present case. [. . .] Because section 211.261 does not authorize the juvenile officer to appeal final judgments in delinquency proceedings, and in these situations double jeopardy has attached, there is no jurisdiction to entertain an appeal. Accordingly, we leave the resolution of whether the evidence was properly suppressed or excluded for another day." (emphasis added)
Following the Court's guidance from In re R.B., this time the juvenile office appealed the ruling at an earlier stage of the proceedings. Another day has come. Concurrent with its appeal, the juvenile office also filed a petition for writ of mandamus, which this Court denied.[7] A writ of prohibition is the proper remedy. A writ of prohibition is appropriate where there is important question of law decided erroneously that would otherwise escape review.[8] In limited circumstances, this Court will treat improper appeals as applications for original writs.[9] This Court has jurisdiction under Mo. Const. article V, section 4. As such, N.D.C.'s second jurisdictional challenge is moot.[10]
*605 Whether section 491.075 violates the sixth amendment is a question of law. This Court's review is de novo.[11]

IV. Analysis
Nature of Juvenile Delinquency Proceedings
In its first point, the juvenile office contends that Crawford is inapplicable because juvenile proceedings are civil, not criminal.[12] Nonetheless, the constitutional protections applicable in criminal proceedings are also applicable in juvenile delinquency proceedings due to the possibility of a deprivation of liberty equivalent to criminal incarceration. Included among these rights are the rights to confrontation and cross-examination of witnesses.[13]Section 491.075 is subject to the confrontation clause in criminal proceedings involving charges under chapter 566 against an adult.[14]Section 491.699 makes 491.075 applicable to juvenile cases. The suggestion that juvenile offenders should not benefit from the same constitutional protections is contrary to Gault.
Nature of J.C.'s Statement
In its second point, the juvenile office contends that, even assuming Crawford applies, J.C.'s statement is admissible because it was non-testimonial. In Crawford, the United States Supreme Court explained as follows:
An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not. The constitutional text, like the history underlying the common-law right of confrontation, thus reflects an especially acute concern with a specific type of out-of-court statement.[15] Where non-testimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law . . . and as would an approach that exempted such statements from Confrontation Clause scrutiny altogether.[16]
This Court considered the implications of Crawford in State v. Kemp.[17] Noting several decisions of the United States Court of Appeals, Eighth Circuit, instructing that confrontation clause protection does not extend to situations where governmental or law enforcement involvement does not exist,[18] this Court held that a *606 statement by an adult victim to neighbors was for purposes of emergency assistance, not to bear testimony, and, therefore, not subject to sixth amendment protections.
In the case at bar, the juvenile office argues that J.C.'s statement to her mother was non-testimonial and not subject to Crawford. Several cases from sister states support this view.[19] Given Crawford's definition of testimonial hearsay subject to confrontation clause protection, this Court, too, must conclude that J.C.'s statement to her mother was non-testimonial. As such, Crawford does not afford sixth amendment protection, and the statement is admissible under section 491.075.

V. Conclusion
A peremptory writ of prohibition is directed to issue prohibiting exclusion of the testimony on the basis of Crawford.
STITH, C.J., PRICE, TEITELMAN, LIMBAUGH, RUSSELL and WOLFF, JJ., concur.
NOTES
[1] The Court adopts the modified opinion prepared by its colleague Judge Ronnie L. White, who completed his service with the Court prior to its adoption.
[2] 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). The confrontation clause of the sixth amendment bars testimonial hearsay unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witnesses, regardless of whether the court deems the statements reliable.
[3] All statutory references are to RSMo 2000.
[4] Section 542.296 lists the bases for a motion to suppress evidence:

(1) that the search and seizure were made without warrant and without lawful authority; (2) that the warrant was improper upon its face or was illegally issued, including the issuance of a warrant without proper showing of probable cause; (3) that the property seized was not that described in the warrant and that the officer was not otherwise lawfully privileged to seize the same; (4) that the warrant was illegally executed by the officer; (5) that in any other manner the search and seizure violated the rights of the movant under section 15 of article I of the Constitution of Missouri, or the fourth and fourteenth amendments of the Constitution of the United States.
[5] State v. Dwyer, 847 S.W.2d 102, 103 (Mo. App.1992); Black's Law Dictionary (6th Ed.1991).
[6] 186 S.W.3d 255 (Mo. banc 2006).
[7] The purpose of a writ of mandamus is not to adjudicate but rather to execute where there is a clear, unequivocal, and specific right. See State ex rel. Chassaing v. Mummert, 887 S.W.2d 573, 577 (Mo.banc 1994).
[8] Id. This category is used in limited situations where some "absolute irreparable harm may come to a litigant if some spirit of justifiable relief is not made available to respond to a trial court's order." Id. citing State ex rel. Richardson v. Randall, 660 S.W.2d 699, 701 (Mo. banc 1983).
[9] See State v. Larson, 79 S.W.3d 891, 893 (Mo. banc 2002), and Precision Investments, L.L.C. v. Cornerstone Propane, L.P., 220 S.W.3d 301 (Mo. banc 2007). Also see Rule 55.24 (All pleadings shall be so construed as to do substantial justice.); In re Competency of Parkus, 219 S.W.3d 250 (Mo. banc 2007) (Motion to recall the mandate and petition for writ of habeas corpus treated as petition for writ of mandamus.); and State ex rel. Heistand v. McGuire, 701 S.W.2d 419 (Mo. banc 1985) (Motion for change of venue treated as motion for change of judge.).
[10] N.D.C. argued that this case does not involve a constitutional question and, therefore, does not invoke this Court's exclusive jurisdiction; rather, jurisdiction lies in the court of appeals. Were an interlocutory appeal the proper procedural vehicle, the Court would indeed have exclusive jurisdiction pursuant to Mo. Const. art. V, sec. 3. The trial court specifically concluded that section 491.075, as applied to this case, is in direct conflict with the sixth amendment right to confrontation as elucidated in Crawford. The juvenile office now asks this Court to determine the validity of section 491.075 in light of Crawford.
[11] State v. Shaon, 145 S.W.3d 499 (Mo.App. 2004); State v. Stevens, 845 S.W.2d 124, 128 (Mo.App.1993); State v. Taylor, 965 S.W.2d 257, 260-261 (Mo.App.1998).
[12] J.D.H. v. Juvenile Court of St. Louis County, 508 S.W.2d 497, 500 (Mo. banc 1974). (The emphasis of the juvenile code is on continuing care, protection and rehabilitation of the juvenile.)
[13] In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).
[14] See State v. Justus, 205 S.W.3d 872 (Mo. banc 2006).
[15] 541 U.S. at 51, 53-54, 124 S.Ct. 1354.
[16] Id. at 68, 124 S.Ct. 1354.
[17] 212 S.W.3d 135 (Mo. banc 2007).
[18] United States v. Peneaux, 432 F.3d 882, 895-896 (8th Cir.2005) (foster parents not agents of the state); Ferguson v. Roper, 400 F.3d 635, 638-640 (8th Cir.2005); United States v. Lee, 374 F.3d 637, 643-45 (8th Cir. 2004); United States v. Reyes, 362 F.3d 536, 540-541 (8th Cir.2004) (statements to co-conspirators not testimonial).
[19] Herrera-Vega v. State, 888 So.2d 66 (Fla.Ct. App.2004); Purvis v. State, 829 N.E.2d 572 (Ind.App.2005); State v. Van Leonard, 910 So.2d 977 (La.App.2005); State v. Blackstock, 165 N.C.App. 50, 598 S.E.2d 412 (2004); State v. Shafer, 156 Wash.2d 381, 128 P.3d 87 (2006).