

# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI, )
       )
           Appellant, )
       )
v. )
       )
JUSTIN LUKE WARD )
       )
           Respondent. )

*Opinion issued March 19, 2019*

No. SC96696

### APPEAL FROM THE CIRCUIT COURT OF POLK COUNTY
**The Honorable William J. Roberts, Judge**

The State appeals the circuit court's judgment, after a bench trial, finding Justin Ward "not guilty" of the class D felony of sexual misconduct involving a child by indecent exposure because the statute under which he was charged, § 566.083[1], is unconstitutionally overbroad as applied to Ward's case. Ward was charged in 2016 after the parents of the alleged victim, MKB, informed the sheriff that Ward had sexual relations with their 14-year-old daughter when Ward was 18 years old. The State appeals, asserting this Court has jurisdiction to hear the appeal because the circuit court's judgment is akin to a dismissal of the indictment following a guilty verdict and, therefore, Ward was not acquitted of the

---

[1] All statutory citations are to RSMo 2000.

offense. Ward filed a motion to dismiss this appeal, asserting the circuit court's judgment is a judgment of acquittal because the circuit court expressly found him "not guilty" and the appeal, therefore, is barred by double jeopardy. Because this Court is unable to determine if the judgment is an acquittal or a dismissal, it cannot consider the appeal or motion to dismiss on its merits. Accordingly, the circuit court's judgment is vacated, and the case is remanded for the circuit court to enter its judgment setting out whether it is an acquittal or dismissal based on the facts and issues previously submitted.

## Factual and Procedural History

On the evening of July 2, 2016, MKB, a 14-year-old girl, sent a text message telling Ward, an 18-year-old male, to come to her house. In the early morning hours of July 3, 2016, MKB let Ward in through the window and they performed oral sex on each other. They also had intercourse on the bedroom floor. Upon questioning by the sheriff, Ward stated he was in a relationship with MKB and admitted to having oral sex and intercourse with her despite knowing she was 14. The State charged Ward with the class D felony of sexual misconduct involving a child by indecent exposure pursuant to § 566.083. Ward waived his right to a jury trial, and the case proceeded to a bench trial.

At trial, the parties stipulated to all the facts submitted to the circuit court - admitting into evidence the probable cause statement, the Polk County sheriff's investigative report, and the videotape of Ward's interview with the sheriff. After the circuit court took the matter under advisement, the parties filed written suggestions in support of their proposed judgments. Ward argued the issue was not whether the alleged conduct occurred, but whether the alleged conduct was illegal. He asserted his conduct was not illegal because

2

he did not expose his genitals to MKB for the purpose of gratifying his sexual desires, but rather for the purpose of engaging in a consensual sexual encounter that was not illegal under any of Missouri's statutory rape and sodomy laws.[2] Ward contended the sexual misconduct involving a child by indecent exposure statute was, therefore, unconstitutionally overbroad as applied to him because it criminalizes conduct that is otherwise legal. The circuit court entered the following judgment:

> MKB was 14 years old. Defendant was 18 years old. It is not illegal for him to have her perform fellatio on him as all was consensual and that act cannot be accomplished without him exposing his penis to her. The statute he is charged with makes it illegal to expose his penis to her because of her age only, under 15.

> One act is legal by statute, and the other illegal by statute. The later statute in this factual situation only, is unconstitutionally overbroad. State v. Beine, 162 S.W.3d 483 (Mo. banc 2005).

> Defendant is found not guilty. Costs to Polk County. Case and record ordered closed.

The State appealed directly to this Court.[3]

---

[2] Mr. Ward's interaction with MKB does not constitute statutory rape or sodomy in the first degree because MKB was older than 14 at the time of the incident. *See* §§ 566.032.1; 566.062.1. Likewise, the interaction does not constitute statutory rape or sodomy in the second degree because Mr. Ward was younger than 21 at the time of the incident. *See* §§ 566.034.1; 566.064.1.

[3] Article V, section 3 of the Missouri Constitution vests this Court with exclusive appellate jurisdiction in all cases involving the validity of a statute. "This Court's exclusive appellate jurisdiction is involved when a party asserts that a state statute directly violates the constitution either facially or as applied." *Dieser v. St. Anthony's Med. Ctr.*, 498 S.W.3d 419, 427 (Mo. banc 2016) (internal quotations omitted).

3

## Standard of Review

This Court is a court of limited jurisdiction. Mo. Const. art. V, sec. 3. Jurisdiction must be decided at the outset. *Lane v. Lensmeyer* 158 S.W.3d 218, 222 (Mo. banc 2005). When this court lacks jurisdiction to entertain an appeal, the appeal must be dismissed. *Id*.

## Analysis

The threshold question presented in this case is whether double jeopardy precludes the State from appealing the circuit court's judgment. If so, this Court lacks jurisdiction to consider the appeal. Ward filed a motion to dismiss this appeal, asserting this Court lacks jurisdiction because the circuit court expressly found him to be "not guilty," suggesting the circuit court acquitted Ward; therefore, this appeal is barred because there is no statutory authority to appeal when the possible outcome of the appeal would result in double jeopardy for the defendant. The State asserts this Court has jurisdiction to hear its appeal because Ward was not acquitted of the offense in that the circuit court's judgment is akin to a dismissal of the indictment following a guilty verdict.

The State cannot appeal a judgment for the accused unless there is an unequivocal statutory right to appeal. *State v. Craig*, 122 S.W. 1006 (Mo. 1909). "The state, in any criminal prosecution, shall be allowed an appeal … in all other criminal cases except in those where the possible outcome of such an appeal would result in double jeopardy for the defendant." § 547.200.2. The State, therefore, has the right to appeal this action pursuant § 547.200.2 unless the outcome of the appeal would subject Ward to double

4

jeopardy. To determine if the outcome of the appeal might result in double jeopardy, the dispositive question in this case is the nature of the circuit court's ruling.[4]

Looking to the form and substance of the ruling, the first possibility is the circuit court's judgment is a dismissal on constitutional grounds. When reading the circuit court's judgment in its entirety, the judgment focuses primarily on its legal conclusion that § 566.083 is unconstitutionally overbroad as applied to Ward because the exposure of his genitals to MKB was otherwise legal conduct. But in concluding the statute was unconstitutionally overbroad as applied to Ward, the circuit court necessarily made findings as to some of the factual elements of the offense. Even though the circuit court made findings on some of the factual elements of the offense to support its ruling, double jeopardy does not necessarily bar the State's appeal. "[W]here an indictment is dismissed *after* a guilty verdict is rendered, the Double Jeopardy clause [does] not bar an appeal since the verdict could simply be reinstated without a new trial if the [State] were successful." *Sanabria v. United States*, 437 U.S. 54, 63 (1978) (internal citations omitted). If the circuit court dismissed the case because the statute was unconstitutionally overbroad as applied to Ward, and the circuit court never weighed the evidence as to the factual elements of the

---

[4] When "evaluating the trial court's judgment for double jeopardy implications, [this Court] do[es] not rely upon the trial court's characterization of its action but must examine and consider the language of the judgment in its entirety." *State v. Connell*, 326 S.W.3d 865, 867 (Mo. App. 2010) (internal quotation omitted); *see also State v. Neher*, 213 S.W. 3d 44, 48 (Mo. banc 2007) ("In determining whether a double jeopardy violation occurred, the substance of the trial court's ruling, rather than its form, is examined to determine its precise nature."). However, "[w]hile form is not to be exalted over substance in determining the double jeopardy consequences of a ruling terminating a prosecution, neither is it appropriate entirely to ignore the form of order entered by the trial court." *Sanabria v. United States*, 437 U.S. 54, 66 (1978) (internal citations omitted).

offense to determine or resolve Ward's guilt or innocence, then the judgment is one of dismissal that may not be barred by double jeopardy.

The second possibility is the judgment finding Ward "not guilty" was an acquittal of the charge for sexual misconduct involving a child. An acquittal is "a resolution, correct or not, of some or all of the factual elements of the offense charged." *Sanabria*, 437 U.S. at 71. Pursuant to Rule 27.07, once either the prosecution or defense has closed its case, a circuit court must acquit, rather than dismiss, a criminal count when the evidence is insufficient to sustain a conviction. In concluding § 566.083 is unconstitutionally overbroad as applied to Ward, the circuit court made findings as to some of the factual elements of the offense. Section 566.083.1(2) provides: "A person commits the offense of sexual misconduct involving a child if such person … [k]nowingly exposes his or her genitals to a child less than fifteen years of age for the purpose of arousing or gratifying the sexual desire of any person, including the child." Here, the circuit court stated MKB was 14 at the time Ward exposed his penis to MKB for the purpose of fellatio. While the circuit court's judgment does not specifically conclude that one or any of the factual elements of the offense was not present, warranting acquittal, it does include findings with respect to some of the factual elements of the charged offense. If the circuit court weighed the evidence stipulated to at trial and found Ward not guilty because the evidence was not sufficient to prove Ward guilty of the crime charged, correct or not, then the circuit court's ruling was a judgment of acquittal. Any appeal by the State in that instance would be contrary to the statute setting out the State's right to appeal because a successful appeal would subject Ward to double jeopardy.

6

**Conclusion**

Based on the record in this case, the Court is unable to ascertain the precise nature of the circuit court's ruling. Accordingly, the circuit court's judgment is vacated and the case is remanded to the circuit court with instructions to enter a new judgment, based on the record previously submitted, clearly delineating whether the case is dismissed because § 566.083 is unconstitutionally overbroad as applied to Ward or whether he is acquitted based on the evidence submitted.[5]

                                                       _____

                                                       W. Brent Powell, Judge

All concur.

---

[5] Because the Court vacates the judgment and remands, Ward's motion to dismiss is overruled as moot.