

# In the
# Missouri Court of Appeals
# Western District

IN THE INTEREST OF: L.I.B.,

                    **Appellant,**

v.

JUVENILE OFFICER,

                    **Respondent.**

**WD84107**

**OPINION FILED:**

**March 8, 2022**

---

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable Jalilah Otto, Judge**

**Before Division Two:**
**Thomas N. Chapman, P.J., Karen King Mitchell, and W. Douglas Thomson, JJ.**

L.I.B. appeals a judgment of the Circuit Court of Jackson County in which the court found that L.I.B. committed acts which would constitute second-degree assault and armed criminal action if committed by an adult. L.I.B. contends that the circuit court erred in requiring him to participate in the adjudication hearing via two-way videoconference from secure detention. L.I.B. contends that his physical exclusion from the adjudication violated his constitutional rights to be present and confront his accusers face to face. The circuit court's judgment is vacated, and the case is remanded.

**Background**

On March 15, 2020, the Jackson County Juvenile Officer filed a two-count petition in the circuit court, alleging that L.I.B. committed acts which, if committed by an adult, would constitute first-degree assault under section 565.050[1] and armed criminal action under section 571.015. The Juvenile Officer alleged that, on March 14, 2020, L.I.B. knowingly caused serious physical injury to M.W. by shooting him with a handgun.

On August 19, 2020, the circuit court held L.I.B.'s adjudication hearing utilizing a "hybrid" format in which the majority of people involved with the proceeding (including the judge, L.I.B.'s counsel, counsel for the Juvenile Officer, L.I.B.'s mother, L.I.B.'s sister, and all witnesses (while testifying)) would be permitted to be present in the courtroom in person, whereas L.I.B. was not allowed to be physically present at his own adjudication and appeared instead only via Webex videoconferencing technology from secure detention.

At the beginning of the hearing, L.I.B. objected to being physically excluded from his own adjudication and being allowed to participate only via video conferencing. The oral objection was accompanied by a written motion, which argued that allowing L.I.B. to appear only via video violated L.I.B.'s due process rights to be adjudicated in person and to confront witnesses. The circuit court overruled L.I.B.'s objection, stating that the use of Webex had been sanctioned by the Missouri Supreme Court in response to the ongoing pandemic for the purpose of having limited numbers of people in the courtroom.

As the adjudication proceeded, the Juvenile Officer called seven witnesses, who each testified in person.[2] After the witnesses' direct examinations, L.I.B.'s counsel was given an

---

[1] Unless otherwise indicated, statutory references are to RSMo 2016.
[2] A number of exhibits were also admitted.

opportunity to cross-examine each of the witnesses. Court was then adjourned and the remainder of the hearing was scheduled for a later day.

On September 2, 2020, the hearing proceeded again in a "hybrid" format, in which L.I.B. would appear only from secure detention via videoconferencing technology. The court acknowledged that L.I.B. had made a record of his objection to proceeding via Webex, and L.I.B.'s counsel informed the court that L.I.B. would stand on that previous record of objection. The Juvenile Officer rested without putting on further evidence, and the court took up and denied L.I.B.'s motion for judgment of acquittal. L.I.B. then called three witnesses (his mother and his two sisters) to testify on his behalf.

Following the adjudication, the circuit court determined that, on Count 1, the Juvenile Officer established beyond a reasonable doubt that L.I.B. had committed the lesser included offense of second-degree assault in violation of section 565.052. The court also sustained the allegations in Count 2 of armed criminal action. Disposition was held on October 8, 2020, after which the court entered a judgment committing L.I.B. to the custody of the Division of Youth Services.

L.I.B. appeals.

### Standard of Review

"Juvenile proceedings are reviewed in the same manner as other court-tried cases." *D.C.M. v. Pemiscot Cnty Juv. Off.*, 578 S.W.3d 776, 786 (Mo. banc 2019) (internal quotations omitted). "This Court will affirm a judgment in a juvenile proceeding unless it is not supported by evidence, is against the weight of evidence, or erroneously declares or applies the law." *Id.* Whether a person's constitutional rights were violated is a question of law that this Court reviews *de novo*. *State v. Justus*, 205 S.W.3d 872, 878 (Mo. banc 2006). Properly preserved constitutional violations are presumed prejudicial. *Id.* at 881. "The constitutional protections applicable in criminal proceedings are also applicable in juvenile delinquency proceedings due to the possibility of a deprivation of liberty equivalent to criminal incarceration." *In re N.D.C.*, 229 S.W.3d 602, 605 (Mo. banc 2007).

3

*J.A.T. v. Jackson Cnty. Juv. Off.*, 637 S.W.3d 1, 6-7 (Mo. banc 2022) (brackets omitted).

## Analysis

In his sole point, L.I.B. contends that the circuit court erred by overruling his objection and proceeding in the adjudication without his physical presence in the courtroom in violation of his rights to due process, to be present, and to confront adverse witnesses, as provided by the Sixth and Fourteenth Amendments of the United States Constitution and Article I, sections 10 and 18(a) of the Missouri Constitution.

"The Fourteenth Amendment's due process protection applies to juvenile proceedings." *Id.* at 7 (citing *In re Gault*, 387 U.S. 1, 30-31 (1967)). "The United States Supreme Court has held certain rights enumerated within the Bill of Rights apply to juvenile proceedings, including notice of charges, right to counsel, right of confrontation and cross-examination, and privilege against self-incrimination." *Id.* (citing *Gault*, 387 U.S. at 33, 41, 55, 56). "One of the most basic rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of his trial." *Illinois v. Allen*, 397 U.S. 337, 338 (1970). "The right to be present at critical stages of trial is guaranteed by the United States Constitution, the Missouri Constitution, and Missouri statutory law." *J.A.T.*, 637 S.W.3d at 7 (quoting *State v. Johns*, 34 S.W.3d 93, 116 (Mo. banc 2000)). "A defendant is guaranteed the right to be present at any stage of the criminal proceedings that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Id.* at 8 (quoting *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987)).[3]

---

[3] We note that the right to be present may be voluntarily waived, *State v. Driskill*, 459 S.W.3d 412, 426 (Mo. banc 2015), or lost due to severely disruptive behavior. *See Illinois v. Allen*, 397 U.S. 337, 343 (1970). However, neither of these circumstances are present in the matter before us.

In *J.A.T.*, the Missouri Supreme Court recently decided a case substantially similar to the one now before us. *See id.* at 8-9. In *J.A.T.*, like the matter now before us, the circuit court had excluded a juvenile from being physically present in the courtroom at his adjudication hearing during which his guilt or innocence would be determined. *Id.* The circuit court had instead allowed the juvenile to be present only through two-way video over the juvenile's objections. *Id.* The circuit court's reasons for excluding the juvenile related to the ongoing COVID-19 pandemic and the circuit court's belief that allowing the juvenile to be present only via two-way video was consistent with the Missouri Supreme Court's Operational Directives and was not violative of the juvenile's due process rights. *Id.* The Missouri Supreme Court vacated the circuit court's judgment and remanded. *Id.* at 10. The *J.A.T.* Court held that the juvenile's constitutional right to due process was violated by requiring him to appear at his own adjudication hearing via two-way video over objection. *Id.* The *J.A.T.* Court further noted that its orders issued in response to the COVID-19 pandemic were drafted "to ensure the constitutional and statutory rights of juveniles were protected during the COVID-19 pandemic." *Id.*

The same result is warranted here. In this matter, L.I.B. asserted his right to be physically present at his adjudication hearing. Over his objection, L.I.B. was denied the right to be present at a critical stage of the proceedings during which his guilt or innocence would be determined. The circuit court erred in requiring L.I.B. to participate in his own adjudication only by two-way video over his objection.

"Properly preserved constitutional violations are presumed prejudicial." *Id.* at 7 (citing *Justus*, 205 S.W.3d at 881). In this matter, the Juvenile Officer has not asserted that this

5

presumption was rebutted.  Accordingly, the deprivation of L.I.B.'s due process right to be physically present during his own adjudication constitutes reversible error.

## Conclusion

The circuit court's judgment is vacated, and the case is remanded for further proceedings consistent with this opinion.

_____
Thomas N. Chapman, Judge


All concur.