

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| IN THE INTEREST OF: J.K.M. | ) | No. ED110278 |
| | ) | |
| | ) | Appeal from the Circuit Court of |
| | ) | Franklin County |
| | ) | 19AB-JU00315 |
| | ) | |
| | ) | Honorable Joseph W. Purschke |
| | ) | |
| | ) | Filed: April 18, 2023 |

## OPINION

J.K.M. appeals from the judgment of the Circuit Court of Franklin County, Juvenile Division (juvenile court) committing him to the custody of the Division of Youth Services. We affirm.

## BACKGROUND

On December 9, 2020, the juvenile court entered judgment on the Juvenile Officer of Franklin County's (Juvenile Officer) second amended petition against J.K.M. which alleged two counts of second-degree tampering and one count of fourth-degree assault. The juvenile court stayed the execution of J.K.M.'s commitment to the Division of Youth Services (DYS) and ordered him to remain on home detention with certain conditions. On January 30, 2021, the Juvenile Officer filed a motion to modify the previous order of disposition, alleging additional violations. On March 30, 2021, the juvenile court issued an order, judgment, and decree,

continuing the stay of execution of commitment to DYS and continuing J.K.M.'s home detention with supervision. He was also placed on electronic monitoring (GPS) and required permission from his mother (Mother) to leave his residence.

On September 2, 2021, Heather Pendegraft (Pendegraft), a deputy juvenile officer for Franklin County supervising J.K.M., was alerted via a GPS monitoring application that J.K.M. was not at home. She contacted Mother at work and J.K.M., both of whom reported he was at home. Pendegraft placed the GPS monitoring in pursuit mode, and followed its movement. She discovered J.K.M. driving a white truck she had previously observed parked at Mother's residence. J.K.M. returned home and eventually answered the door. When Pendegraft informed J.K.M. law enforcement had been called, he again left the residence. When Mother returned home, she received a phone call from J.K.M. who said he felt "ganged up on" so he left. Sergeant Tracey Suttles (Sergeant Suttles) of the Franklin County Sheriff's Office responded to the home and also spoke to J.K.M. on the phone. During this conversation, J.K.M., who had removed his GPS monitor, disclosed its location under a bush nearby.

Thereafter, the Juvenile Officer filed several amendments to the initial motion to modify, alleging additional violations. Relevant to this appeal, the court held a hearing regarding the events on September 2, 2021, when the Juvenile Officer alleged J.K.M. violated a court order by refusing to return home and leaving without permission (Count I), violated a court order by removing his GPS and leaving without permission (Count II), committed the Class D felony of tampering with electronic monitoring equipment in violation of Section 575.205 if the offense was committed by an adult (Count III), and violated a court order for leaving the home without permission (Count IV). J.K.M. filed a motion to dismiss for failure to state a claim or in the alternative to order the Juvenile Officer to elect between Count II and Count III because Count

2

III was included in Count II, which violated double jeopardy. The juvenile court denied the motion to dismiss and entered its order, judgment, and decree modifying its previous order of disposition and placing J.K.M. in the physical custody of DYS. The present appeal follows.

## DISCUSSION

In his sole point on appeal, J.K.M. argues the juvenile court erred in finding he committed the offenses alleged in Count II and III of the second amended second motion to modify a previous order of disposition. J.K.M. contends Count II was a lesser-included offense to Count III and double jeopardy prohibits the court from punishing him twice for the same conduct.

### *Standard of Review*

We review the decision in a juvenile adjudication under the same standard as a court-tried case. *In Int. of S.B.A.*, 530 S.W.3d 615, 622 (Mo. App. E.D. 2017). We will affirm the juvenile court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id*. However, whether the right to be free from double jeopardy has been violated is a question of law, which we review de novo. *State v. Alexander*, 505 S.W.3d 384, 397 (Mo. App. E.D. 2016).

### *Analysis*

The double jeopardy clause of the Fifth Amendment protects defendants from successive prosecution for the same offense following an acquittal or conviction. *Alexander*, 505 S.W.3d at 397. It also protects against multiple punishments for the same offense. *Id*. To satisfy double jeopardy protection, each charged offense must contain a different, additional element not contained in the other. *State v. Daws*, 311 S.W.3d 806, 808 (Mo. banc 2010). This protection applies in certain juvenile cases as well. *S.R.W. v. Juvenile Officer*, 647 S.W.3d 290, 294 (Mo.

3

App. W.D. 2022). Specifically, the constitutional protections afforded defendants in criminal cases are applicable in juvenile *delinquency* proceedings.

However, *status offenses* are fundamentally different from a delinquency case where a juvenile is alleged to have violated a state or municipal ordinance. *In re A.G.R.*, 359 S.W.3d 103, 109 (Mo. App. W.D. 2011). A status offense is a charge unique to juveniles. *Id.* It is an infraction that allows the juvenile court to take jurisdiction over a child under the age of seventeen where it is alleged the child is in need of care due to truancy, being beyond parental control, being absent from home, or because of behavior injurious to his welfare. *Id.* A status offense is in the nature of a civil proceeding and is not subject to the same protections as a delinquency case in which the juvenile may be facing the deprivation of liberty equivalent to a criminal proceeding. *Id.* at 110; *In re N.D.C.*, 229 S.W.3d 602, 605 (Mo. banc 2007).

Here, Count II charged J.K.M. with the *status offense* of violating the court's order based on the alert Pendegraft received that "he was not where he was required to be," which would not be afforded the constitutional protections of a delinquency offense. *See In re A.G.R.*, 359 S.W.3d at 109, 110 and *In re N.D.C.*, 229 S.W.3d at 605. Count III charged J.K.M. with a *delinquency offense* of tampering with electronic monitoring equipment, which would be a felony offense if committed by an adult. The only overlap between Count II and Count III is the reference in Count II to J.K.M.'s removal of his GPS. In fact, at trial counsel for the Juvenile Officer sought leave to amend Count II by interlineation to redact any reference to the removal of J.K.M.'s GPS because it was not required to prove Count II. The court did not rule on this request, but denied the motion to dismiss stating that the allegations in Count II and Count III were "sufficiently different to allow both counts to stand." We agree.

One of the conditions of J.K.M.'s home detention and supervision was that he could not leave the residence without Mother's permission. On September 2, 2021, J.K.M. left the residence when Mother was at work without her permission not just once, but twice. However, he was only charged with the Count II status offense based upon J.K.M.'s violation of a court order in doing so. The trial court correctly ruled the status offense is sufficiently different from the felony of tampering with electronic monitoring equipment charged in Count III delinquency offense because it is not necessary to prove he removed the GPS to establish the violation of the court order as charged in Count II. J.K.M. violated a court order by leaving his home without permission and then later committed an additional delinquency offense of tampering with the electronic monitoring equipment after leaving without permission a second time. J.K.M.'s double jeopardy protection was not violated because he committed two separate offenses and was charged accordingly. Moreover, the status offense charged in Count II is not afforded such protection. Thus, the juvenile court did not err by finding J.K.M. committed both the status offense in Count II and the delinquency offense in Count III. J.K.M.'s sole point on appeal is denied.

## CONCLUSION

The judgment of the juvenile court is affirmed.

_____
Lisa P. Page, Presiding Judge

Thomas C. Clark, II, J. and
Renée D. Hardin-Tammons, J. concur.

5