

# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI, )  *Opinion issued October 3, 2023*
                    )
    Appellant, )
                    )
v.                  )  No. SC99977
                    )
SEMAJ HARRIS,       )
                    )
    Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY
The Honorable Jon E. Beetem

The State of Missouri appeals an order and judgment dismissing with prejudice charges of second-degree murder, first-degree robbery, and armed criminal action against Semaj Harris.[1]  The State claims the circuit court lacked authority to dismiss the charges with prejudice and that prosecution on these charges is not barred by the parties' deferred prosecution agreement ("DPA").

The circuit court's order and judgment is not a final, appealable judgment because it did not adjudicate all seven counts in the indictment against Harris.  Because there is no final, appealable judgment, the State lacks statutory authority to appeal pursuant to

---

[1] This Court transferred the appeal pursuant to article V, section 10 of the Missouri Constitution and Rule 83.04.

§ 547.200.[2]  The appeal is dismissed.

**Facts and Procedural History**

The State charged Harris with second-degree murder and first-degree robbery for his alleged involvement in a fatal shooting on November 18, 2018.  In May 2019, the State and Harris entered into the DPA.  The DPA deferred prosecution on the murder and robbery charges for five years if Harris cooperated with the State's prosecution of two other individuals.  In the DPA, Harris agreed to plead guilty to felony stealing of a controlled substance in violation of § 570.030, and the State agreed to recommend five years in the department of corrections.  The DPA provided for dismissal of the second-degree murder and first-degree robbery charges with prejudice after five years if Harris complied.

Harris pleaded guilty to stealing a controlled substance, and the circuit court sentenced him to five years in the department of corrections.  Consistent with the DPA, the second-degree murder and first-degree robbery charges were dismissed without prejudice.

In December 2019, the State filed a joint indictment against Harris and another man, B.J., for the November 18, 2018, incident.  The State charged Harris with second-degree murder, first-degree robbery, delivery of a controlled substance, armed criminal action, unlawful possession of a firearm, and tampering with physical evidence.

Harris filed a motion to dismiss the indictment.  The circuit court sustained the motion in part and dismissed the second-degree murder and first-degree robbery charges with prejudice to the extent they were based on stealing a controlled substance.  The circuit

---

[2] All statutory references are to RSMo 2016.

court concluded the Double Jeopardy Clause precluded those charges because Harris previously pleaded guilty to stealing a controlled substance. The circuit court also dismissed the armed criminal action count with prejudice to the extent it was based on first-degree robbery. The circuit court dismissed the murder and robbery charges without prejudice to the extent they were based on stealing a handgun because the State failed to prove Harris breached the DPA.

The State filed a superseding indictment against Harris and B.J. for the November 2018 incident. The State charged Harris with second-degree murder based on stealing a handgun, first-degree robbery of a handgun, delivery of a controlled substance, armed criminal action based on first-degree robbery and distribution of a controlled substance, unlawful possession of a firearm, tampering with physical evidence, and unlawful possession of a weapon. Harris filed a motion to dismiss. The circuit court entered an order and judgment dismissing with prejudice the charges of second-degree murder, first-degree robbery, and armed criminal action based on first-degree robbery because it was the State's "second bite of the apple" without proving Harris breached the DPA. The order and judgment did not dismiss the remaining charges. The State appeals.

### Appellate Jurisdiction

"This Court has an obligation to determine, acting *sua sponte* when necessary, whether it has jurisdiction to entertain an appeal." *State v. Vandergrift*, 669 S.W.3d 282, 287 (Mo. banc 2023). The circuit court's order and judgment dismissed three of the seven counts against Harris with prejudice and left the others pending. The dispositive issue is whether the State, under the circumstances of this case, is statutorily authorized to appeal

3

a judgment that does not finally adjudicate all counts in a multi-count indictment.

"The right to appeal is purely statutory." *Id.* at 288. Section 547.200 governs the State's right to appeal in criminal cases. Section 547.200.1 authorizes interlocutory appeals by the State only if the order or judgment results in:

> (1) Quashing an arrest warrant;
>
> (2) A determination by the court that the accused lacks the mental capacity or fitness to proceed to trial, pursuant to section 552.020;
>
> (3) Suppressing evidence; or
>
> (4) Suppressing a confession or admission.[3]

The State's appeal does not involve any of the four permissible bases for an interlocutory appeal pursuant to §547.200.1. Instead, the applicable provision is § 547.200.2, which provides:

> The state, in any criminal prosecution, shall be allowed an appeal in the cases and under the circumstances mentioned in section 547.210 and in all other criminal cases except in those cases where the possible outcome of such an appeal would result in double jeopardy for the defendant. The supreme court shall issue rules governing such appeals.[4]

This Court has applied Rule 30.01(a) to appeals brought pursuant to § 547.200.2 and found the State may seek an appeal only "[a]fter the rendition of a final judgment."

---

[3] Section 547.200.3 provides the appeal authorized in §547.200.1 is an "interlocutory appeal[.]" *See also State v. Smiley*, 478 S.W.3d 411, 414 (Mo. banc 2016) (internal quotation omitted) (explaining "[s]ubsection 547.200.1 permits the state to appeal an interlocutory order or judgment" (internal quotation omitted)). Rule 30.02 governs interlocutory appeals by the State.

[4] Section 547.210 does not apply because that statute authorizes the State to appeal when an indictment or information is "adjudged insufficient." The circuit court did not conclude the indictment was insufficient.

*Burns*, 994 S.W.2d at 942.[5]  The State argues the final judgment requirement is not found in section 547.200.2 and, therefore, the reference to final judgment in Rule 30.01(a) impermissibly alters the statutory right of appeal.  This is incorrect.  The Rule does not ***add*** a final judgment requirement to the statute.  Instead, this Court has long held that section 547.200.2 itself requires a final judgment before the State can pursue the identified appeals. As a result, Rule 30.01(a) merely echoes – it does not create – that requirement.

For more than 180 years, this Court has generally held that the State can appeal only from a final judgment in a criminal case.  *See, e.g., State v. Pepper*, 7 Mo. 348 (1842) (dismissing a State's appeal for lack of a final judgment); *State v. Stegman,* 2 S.W. 798, 799 (Mo. 1887) (holding the State's appeal was premature when the circuit court dismissed two counts of a three-count indictment); *State v. Fraker*, 43 S.W. 389 (Mo. 1897) (collecting cases holding that a final judgment is required before the State may appeal). "[W]here a court of last resort construes a statute, and that statute is afterwards re-enacted, or continued in force, without any change in its terms, it is presumed that the legislature adopted the construction given to it by the court." *Jacoby v. Mo. Valley Drainage Dist. of Holt Cnty.*, 163 S.W.2d 930, 939 (Mo. banc 1942) (internal quotation omitted).  The rationale for this presumption is that:

> [W]here a judicial construction has been placed upon the language of a statute for a long period of time, so that there has been abundant opportunity for the lawmaking power to give further expression to its will, the failure to do so amounts to legislative approval and ratification of the construction placed upon the statute by the courts, and that such construction should

---

[5] Rule 30.01(a) provides, "[a]fter rendition of final judgment in a criminal case, every party shall be entitled to any appeal permitted by law."

5

> generally be adhered to, leaving it to the legislature to amend the law should a change be deemed necessary.

*State ex rel. Howard Elec. Coop. v. Riney*, 490 S.W.2d 1, 9 (Mo. 1973) (internal quotation omitted).

Because § 547.200.2 and its predecessors have long been construed to require a final judgment before the State can file an authorized appeal and because the General Assembly has never rejected that construction despite having abundant opportunities to do so, there is no doubt that the source of the final judgment requirement is the statute, and Rule 30.01(a) merely reiterates what the statute requires. Accordingly, Rule 30.01(a) does not impermissibly alter the statutory right of appeal.

A judgment is final for purposes of appeal pursuant to § 547.200.2 and Rule 30.01(a) if it "disposes of all disputed issues in the case and leaves nothing for future adjudication." *State v. Burns*, 994 S.W.2d 941, 942 (Mo. banc 1999) (internal quotation omitted). It follows that "[a] judgment of conviction is not final so long as any count in an indictment or information remains pending before the circuit court." *State v. Waters*, 597 S.W.3d 185, 189 (Mo. banc 2020). Although *Waters* involved a defendant's appeal from a judgment of conviction pursuant to § 547.070 rather than an appeal by the State pursuant to § 547.200.2, both statutes authorize the State to appeal only from a final judgment. Therefore, consistent with *Burns*, the final judgment requirement underpinning *Waters* applies equally to the State's right to appeal pursuant to § 547.200.2. Because the circuit court dismissed three

6

counts with prejudice and did not finally dispose of the remaining four, the circuit court's order and judgment is not a final, appealable judgment. *Waters*, 597 S.W.3d at 189.[6]

Generally, when an appeal is not statutorily authorized, it "must be dismissed." *Waters*, 597 S.W.3d at 186. However, in "limited circumstances, this Court will treat improper appeals as applications for original writs." *In re N.D.C.*, 229 S.W.3d 602, 604 (Mo. banc 2007). In *N.D.C.*, the "limited circumstances" were the lack of statutory authority allowing the juvenile office to appeal a constitutional issue of first impression regarding a juvenile's Sixth Amendment Confrontation Clause rights. *Id*. "As a result, this constitutional issue of first impression would evade appellate review if not raised prior to final judgment." *Id*. Under these specific, limited circumstances, this Court took the extraordinary step of treating an unauthorized appeal as a petition for an original remedial writ. *Id.*

This case does not involve the limited circumstances present in *N.D.C.* Neither of the State's points on appeal raises a constitutional issue of first impression. Unlike the lack

---

[6] In *State v. Honeycutt*, 421 S.W.3d 410, 413 (Mo. banc 2013), this Court presumed, without analysis, that the dismissal of a single count in a three-count indictment was a final, appealable judgment. The jurisdictional issue was not briefed by the parties, and this Court inadvertently overlooked the necessity of a final judgment resolving all counts in an indictment. Under these circumstances, as fully explained in *Honeycutt*, this Court has long recognized a "presumption against *sub silentio* holdings" due to "the general preference that precedent be adhered to and decisions be expressly overruled" and "because the implicit nature of a *sub silentio* holding has no *stare decisis* effect and is not binding on future decisions of this Court." *Id*. at 422. Because *Honeycutt* did not analyze the jurisdictional issue and expressly hold the dismissal of a single count in a multi-count indictment was a final, appealable judgment, *Honeycutt* has no *stare decisis* effect on the jurisdictional question in this appeal. To the extent *Honeycutt* can be read as permitting the State to appeal an interlocutory dismissal order pursuant to § 547.200.2, it should no longer be followed.

of statutory authority precluding any appeal by the juvenile division in *N.D.C.*, the State in this case has statutory authority to appeal unless the "possible outcome of such an appeal would result in double jeopardy for the defendant." Section 547.200.2. At this point, it is impossible to determine which charges would proceed to trial or how they would be resolved. Therefore, unlike *N.D.C.*, in which a constitutional issue of first impression would certainly evade appellate review, this case involves issues sounding in contract law with the possibility of appellate review after the rendition of a final judgment. Section 547.200.2; Rule 30.01(a). The "limited circumstances" in *N.D.C.* are not present in this case and do not warrant the extraordinary step of treating an improper appeal as if it were petition for a writ of prohibition.

The cases cited in *N.D.C.* confirm this conclusion. *N.D.C.* cited *State v. Larson*, 79 S.W.3d 891, 894 (Mo. banc 2002), for the proposition this Court will treat improper appeals as applications for original writs, if a writ is available to a movant. *N.D.C.*, 229 S.W.3d at 604 n.9. *Larson* was an appeal from the denial of a Rule 29.07(d) motion to withdraw a guilty plea. *Larson*, 79 S.W.3d at 893. There is no statutory authorization for an appeal from the denial of a Rule 29.07(d) motion. *Id.* Because the appellant lacked any right to appeal and faced serious "punitive, collateral consequences," this Court elected to "exercise its discretion and treat Larson's improper appeal as an application for a writ of mandamus." *Id.* at 894 (citing *Jones v. State,* 471 S.W.2d 166 (Mo. banc 1971)).[7] Unlike *Larson*, the

---

[7] *Larson* also cited *Brown v. Hamid*, 856 S.W.2d 51, 53 (Mo. banc 1993), for the proposition appeals should be decided on the merits when possible. *Brown* did not involve a lack of statutory authorization for an appeal. Instead, the issues in *Brown* were whether alleged procedural

State faces no serious punitive consequences and is not completely foreclosed from the possibility of an appeal.

The limited circumstances exception to dismissal utilized in *N.D.C.* and *Larson* originated in *Jones*. In *Jones*, the appellant filed a Rule 27.26 motion alleging he was incarcerated unlawfully. 471 S.W.2d at 168. The circuit court treated the motion as a petition for habeas corpus and denied relief. *Id*. On appeal, this Court dismissed the appeal as improper but treated it like a petition for a writ of habeas corpus and denied relief. *Id*. at 170. This Court's decision to treat the improperly filed appeal as a petition for a writ of habeas corpus was aimed at "avoiding delay and further duplication of effort" in the unique circumstances of that case:

> In so deciding, we take into consideration the fact that our records show that petitioner, prior to his motion under Rule 27.26, sought in this court to obtain his release by petitions for writ of habeas corpus, but we denied his petitions on the ground that they did not state a claim upon which any relief could be granted. All of these facts cause us, in order to bring this litigation to a final conclusion, to treat his attempted appeal as we are doing. ***Such action is not to be construed as an indication that such procedure necessarily will be followed in future cases.***

*Id*. at 169 (emphasis added).

Unlike *N.D.C.*, this appeal does not involve a fundamental, first-impression constitutional issue. Unlike the individuals in *Larson* and *Jones*, the State faces no punitive consequences by simply following proper procedure and filing an appropriate writ petition

---

deficiencies regarding the court of appeals' order allowing the appeal to be filed out of time and Rule 84.04 briefing deficiencies warranted dismissal. *Id. Brown*, therefore, involved an exercise of this Court's appellate jurisdiction to hold the briefing and record were sufficient to allow review on the merits. *Brown* is inapplicable to the issue of whether an appeal filed without statutory authority should be treated as a petition for an original remedial writ.

9

to seek discretionary review of the circuit court's dismissal order. The limited circumstances in *N.D.C.*, *Larson*, and *Jones* are absent in this case. Moreover, as *Jones* made clear, treating an improper appeal as a petition for an original writ should rarely, if ever, occur. 471 S.W.2d at 169. This is because requiring compliance with § 547.200 and this Court's procedural rules "produces a more coherent procedural result by limiting interlocutory interference with the trial of a criminal case by an appellate court to those very rare instances of judicial excess by the trial court." *Burns*, 994 S.W.2d at 943.[8] This Court declines to once again extend the limited circumstances under which an improper appeal is treated as a writ petition filed pursuant to this Court's procedural rules. As this Court has recognized repeatedly, the proper disposition of an improper appeal is dismissal. *Waters*, 597 S.W.3d at 186.[9] The appeal is dismissed.

_____
Zel M. Fischer, Judge

Russell, C.J., Powell, Breckenridge, Ransom, and
Wilson, JJ., and Hardin-Tammons, Sp.J., concur.
Broniec, J., not participating.

_____

[8] Here, the appropriate procedural mechanism for the State to seek review of the circuit court's order on the merits is to file an appropriate writ petition in compliance with this Court's procedural rules. Nothing in this opinion prevents the State from seeking a writ at this time.

[9] *See also State v. Ward,* 568 S.W.3d 888, 890 (Mo. banc 2019) ("When this court lacks jurisdiction to entertain an appeal, the appeal must be dismissed."); *Fannie Mae v. Truong*, 361 S.W.3d 400, 405 (Mo. banc 2012) (holding "[a]n appeal without statutory sanction confers no authority upon an appellate court except to enter an order dismissing the appeal"); *Holt v. McLaughlin*, 210 S.W.2d 1006, 1008 (Mo. 1948) (same).